[No. G016209. Fourth Dist., Div. Three. Oct. 31, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
JAIRO CARREA ESTRADA et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Keith C. Monroe, Stephen Gilbert and John Ward, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and David Delgado-Rucci, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

WALLIN, J.—Jairo Carrea Estrada, Javier Ruiz-Serrano, and Raul Serrano-Ruiz appeal their convictions for conspiracy to transport cocaine, transportation of cocaine, and possession of cocaine for sale, with quantity enhancements as to Javier and Raul.[1] Estrada contends his consecutive sentence for possession for sale of cocaine was unauthorized because it merged with the conspiracy and transportation counts. Javier contends the court improperly allowed the same cocaine to be used both for a quantity enhancement as to the transportation count and a separate quantity enhancement as to the possession for sale count, and Penal Code section 654 prevents imposition of sentence on both enhancements. Raul joins in Estrada's and Javier's contentions.[2] We affirm as modified.

Police investigators surveilled Javier and saw him park a Mazda at an apartment complex and open the trunk. He went to the back of the apartment he rented with his wife, his sister, and Raul. Raul quickly handed him a suitcase over the apartment's patio wall. Javier put the suitcase in the car trunk and immediately drove away.

Javier went to a shopping center, where he met with Roberto Reyes and Guillermo Moreno, who had been sitting in a Nissan truck. They spoke briefly and exchanged vehicles. Reyes began to drive away in the Mazda but was stopped by police who found 29 kilograms of cocaine in the suitcase. They also found a travel bag containing a prescription bottle with Reyes' name on it. Reyes had not been carrying the bag during the vehicle switch.

Back at the apartment, Raul came out onto the patio and looked over the wall six or seven times, apparently at a white pickup truck parked nearby. Estrada was in the apartment. Raul left and was arrested. He was carrying about 3.5 grams of cocaine and a large wad of $20 bills. Estrada approached the area and was also arrested. A search of him yielded a small cellular telephone, a pager, and a wad of $20 bills.[3] In just over one and a half hours, Estrada's pager logged 21 incoming calls. In the apartment and on the patio police found 38 kilograms of cocaine in bags, over $260,000 in cash, a triple beam scale and baggies.

A police narcotics expert testified the parties' behavior was consistent with a vehicle switch drug sale. The buyer will supply a vehicle to the seller,

---

[1] Javier and Raul are brothers, however, their last names are different, but similar. We refer to them by their first names to avoid confusion.

[2] Because Raul did not receive consecutive sentences for the transportation and possession for sale counts, Estrada's argument is inapplicable to him. Raul separately contends the quantity enhancement as to the possession for sale count "is unsupported by the evidence facts of the case," but that argument is subsumed by Javier's first argument.

[3] Raul and Estrada had over $3,500 between them.

who uses it to retrieve the drugs. The car is returned to the buyer with the drugs already in it. Payment is made at a different time.

Raul testified in his own defense. He claimed he did not know the bags contained cocaine or money, including the one he handed to Javier. However, Javier had given him the cocaine he was carrying when arrested. Other evidence revealed Raul told the police Estrada had dropped off the bags which Raul at least suspected contained cocaine, and paid Raul $3,000 to watch them.

I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II

■ As to Javier and Raul, the trial court added a 20-year enhancement to the possession for sale count, and a 15-year enhancement to the transportation count, to run concurrently. Javier and Raul argue the court improperly allowed the same cocaine to be used both for a quantity enhancement as to the transportation count and a separate quantity enhancement as to the possession for sale count. They reason the 20-year enhancement was improper because 29 kilograms of the cocaine were used in the incident giving rise to the transportation violation and enhancement, leaving 38 kilograms, less than the requisite 40 kilograms to support the enhancement to the possession for sale count.

Health and Safety Code section 11370.4 provides for a sentence enhancement when the defendant is convicted of violating or conspiring to violate various drug laws, including transportation and possession for sale of cocaine. The length of the enhancement depends on the amount of the drugs.[5] For example, 20 kilograms or more of cocaine yields a 15-year enhancement while 40 or more kilograms yields a 20-year enhancement. (*Ibid.*)

---

*See footnote, *ante*, page 1235.
[5]Subdivision (a) of section 11370.4, dealing with cocaine, provides: "[a]ny person convicted of a violation of, or of a conspiracy to violate [various sections including those prohibiting transportation and possession for sale of cocaine] shall receive an additional term as follows: [¶] (1) Where the substance exceeds one kilogram by weight, the person shall receive an additional term of three years. [¶] (2) Where the substance exceeds four kilograms by weight, the person shall receive an additional term of five years. [¶] (3) Where the substance exceeds 10 kilograms by weight, the person shall receive an additional term of 10 years. [¶] (4) Where the substance exceeds 20 kilograms by weight, the person shall receive an additional term of 15 years. [¶] (5) Where the substance exceeds 40 kilograms by weight, the person shall receive an additional term of 20 years. [¶] (6) Where the substance exceeds 80 kilograms by weight, the person shall receive an additional term of 25 years. [¶] The conspiracy enhancements provided for in this subdivision shall not be imposed unless the trier

The Legislature's purpose in enacting Health and Safety Code section 11370.4 was " 'to punish more severely those persons who are in the regular business of trafficking in, or production of, narcotics and those persons who deal in large quantities of narcotics as opposed to individuals who have a less serious, occasional, or relatively minor role in this activity.' (Stats. 1985, ch. 1398, § 1, p. 4948.)" (*People* v. *Pieters* (1991) 52 Cal.3d 894, 898 [276 Cal.Rptr. 918, 802 P.2d 420].) In *Valenzuela* v. *Superior Court* (1995) 33 Cal.App.4th 1445 [39 Cal.Rptr.2d 781], the court concluded the enhancement did not apply to offers to sell a large amount of cocaine where there was no evidence the cocaine existed. (*Id.* at p. 1451.) In reaching that conclusion, the court analyzed legislative history and concluded the Legislature intended the enhancement to apply to the amount of the drug in existence or the amount of the drug seized. (*Id.* at p. 1453.)[6]

Recognizing the Legislature's purpose, we find the 40-kilogram enhancement was proper because 67 kilograms of cocaine were involved in the enterprise. This is true even though 29 kilograms were later transported. The focus is on the total amount and not the component parts.

Javier and Raul rely on cases that hold one cannot be convicted of a possession or possession for sale that is a necessary part of a sale or transportation. (See, e.g., *In re Adams* (1975) 14 Cal.3d 629, 633 [122

---

of fact finds that the defendant conspirator was substantially involved in the planning, direction, execution, or financing of the underlying offense."

[6]The *Valenzuela* court reasoned: "Enacted in 1985, section 11370.4 is intended 'to punish more severely those persons who are in the regular business of trafficking in, or production of, narcotics and those persons who deal in large quantities of narcotics as opposed to individuals who have a less serious, occasional, or relatively minor role in this activity.' [Citation.] In analyzing the proposed legislation, the Senate Committee on the Judiciary recognized the need to authorize longer prison sentences for 'major drug dealers.' [Citation.] In that regard, the committee report discussed the facts of three recent drug prosecutions in Los Angeles County; for each one, the report emphasized the weight of the drugs actually recovered. [Citation.] The report also noted that '[t]his bill would provide enhancements based on the quantity of [the] substance seized.' [Citation.] [¶] In 1989, the Legislature broadened the scope of section 11370.4 by mandating sentence enhancements for conspiracies. [Citation.] In explaining the need for the amendment, the Senate Committee on the Judiciary stated: 'Some of the most useful prosecutorial tools in major narcotics statutes are the enhancements based upon the amount of narcotics seized . . . . [¶] However, under current law these enhancements do not apply to conspiracies. Many leaders of large narcotics trafficking organizations do not personally handle the narcotics. As a result they are often convicted of conspiracy while their underlings are convicted of the substantive narcotics offense. This leads to the inequitable result that the leader of the organization receives a lesser sentence . . . than his underlings who are subject to the quantity . . . enhancements.' [Citation.] [¶] Obviously, a drug must exist in some physical form before it can be 'seized' by the police or 'personally handled' by low-level conspirators. Accordingly, we find that the legislative history of section 11370.4, as originally enacted in 1985 and as amended in 1989, supports the view that sentence enhancements must be based on the weight of an existing substance." (33 Cal.App.4th at pp. 1452-1453, italics omitted.)

Cal.Rptr. 73, 536 P.2d 473] [sale]; *People* v. *Cole* (1952) 113 Cal.App.2d 253, 257 [248 P.2d 141] [transportation].) They recognize that a defendant can be convicted of possession for sale of the amount remaining after the sale (see, e.g., *People* v. *Rogers* (1971) 5 Cal.3d 129, 134, fn. 3 [95 Cal.Rptr. 601, 486 P.2d 129]; *People* v. *Thomas* (1991) 231 Cal.App.3d 299 [282 Cal.Rptr. 258]), but they argue the amount remaining here was less than the 40 kilograms necessary to trigger the 20-year enhancement. Nothing in the reasoning of these cases affects our conclusion. The quantity enhancement is concerned with the total amount of drugs involved, not the varied crimes for which the defendant may be held culpable. (See *Valenzuela* v. *Superior Court*, *supra*, 33 Cal.App.4th at pp. 1450-1451 [although a defendant may be convicted of an offer to sell cocaine in the absence of any drugs, the enhancement does not apply unless they exist in the requisite amount].)

Based on our conclusion, the trial court did not err by imposing the 40-kilogram enhancement. However, the court should not have imposed the 20-kilogram enhancement as well, even concurrently. As we have noted, the focus is on the total amount of the drugs possessed by the defendant, either directly or vicariously as a conspirator or an aider and abettor.[7] The 15-year enhancement must be stricken.[8] This resolution makes it unnecessary to address Javier's and Raul's claim Penal Code section 654 prohibits imposition of the 15-year enhancement if the 20-year enhancement is imposed.

The judgment is ordered modified to strike the 15-year enhancement as to Javier and Raul and, as modified, is affirmed.

Sills, P. J., and Crosby, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 15, 1996. Lucas, C. J., and George, J., were of the opinion that the petition should be granted.

---

[7]A contrary conclusion could produce anomalous results. A defendant who possessed 20 kilograms in 2 locations might receive two 15-year enhancements, for a total of 30 years, which is 10 years more than another 40-kilogram entrepreneur would receive who kept all of the cocaine in one place. The same problem would arise where one 40-kilogram dealer was apprehended during a 20-kilogram transportation, but another was caught just before he or she moved some of the contraband.

[8]Nothing precludes prosecutors from charging multiple enhancements, since the defendant might not be convicted of the charge carrying the greatest enhancement.