Filed 8/18/15  P. v. Cruz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060552 |
| v. | (Super.Ct.No. FWV1301546) |
| DANIEL CRUZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Jon D. Ferguson, Judge.  Reversed.

John E. Edwards, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Daniel Cruz is serving nine years and four months in prison after a jury convicted him of evading a police officer (Veh. Code, § 2800.2, subd. (a)) and

1

transporting a controlled substance, methamphetamine (Health & Saf. Code, § 11379).[1]

Defendant argues, the People concede and we agree that the drug transportation conviction is invalid because it required proof that the drugs in his possession were for the purpose of sale. However, defendant argues for a complete reversal of that conviction, whereas the People argue this court should modify the conviction to simple possession. For the reasons discussed below, we reverse the conviction and remand to the trial court for resentencing. Double jeopardy does not bar the People from retrying defendant on the transportation charge.

### FACTS AND PROCEDURE

On May 4, 2013, defendant ran a stop sign and then fled on his motorcycle from the officer who attempted to conduct a traffic stop. Defendant hit speeds up to 70 miles per hour before crashing into a guardrail. The doctor who examined defendant at the hospital pulled out of defendant's rectum a plastic bag the size of a golf ball. Lab tests determined the bag contained 2.89 grams of methamphetamine.

On October 21, 2013, the People filed a second amended information charging defendant in count 1with evading an officer with willful disregard for the safety of others and in count 2 with transporting a controlled substance, methamphetamine. The People also alleged defendant had a prior strike conviction (Pen. Code, § 1170, subds. (a)–(d)).

On October 3, 2013, Governor Brown signed Assembly Bill No. 721 (AB 721). Effective January 1, 2014, AB 721 (2013-2014 Reg. Sess.) amended subdivisions (a) and

---

[1] All section references are to the Health and Safety Code unless otherwise indicated.

2

(c) of section 11379 to add the requirement that the transportation be "for sale." "(a) [E]very person who transports . . . any controlled substance . . . shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for a period of two, three, or four years. [¶] . . . [¶] (c) For purposes of this section, 'transports' means to transport for sale." (§ 11379, subds. (a) & (c).)

On October 21, 2013, the trial court instructed the jury with the then-current version of Judicial Council of California Criminal Jury Instructions, CALCRIM No. 2300, which listed as one of the elements of the crime that "The defendant transported a controlled substance." There was no mention in either the written or verbal instructions that the crime required the drugs be "transported for sale."

On October 22, 2013, a jury found defendant guilty of both charges.

On November 12, 2013, the trial court found true the strike prior allegation. On January 1, 2014, AB 721 went into effect. On January 24, 2014, the court sentenced defendant to the aggravated term of four years for the drug transportation, doubled to eight years for the strike prior, plus sixteen months for the evasion count, to be served consecutively.

This appeal followed.

**DISCUSSION**

1.    *Defendant Could Not be Convicted of Transporting Methamphetamine*

All concerned agree that defendant benefits retroactively from the changes to section 11379, added by the Legislature via AB 721.

3

In *People v. Vinson* (2011) 193 Cal.App.4th 1190 (*Vinson*), the Court of Appeal considered whether an amendment to the petty theft statute, Penal Code section 666, requiring three qualifying prior convictions rather than just one to be eligible for felony treatment, should be applied retroactively to cases not yet final at the time of the amendment. The general rule is that statutory amendments are not retroactive, unless expressly so stated by the Legislature. An exception exists, however, under *In re Estrada* (1965) 63 Cal.2d 740, 744-745, when an amendment has the effect of mitigating the punishment. When the amendment has such an ameliorative effect, then it is applied retroactively to all convictions not yet final on the effective date of the amendment. Here, as in *Vinson,* the parties agree that defendant's conviction was not yet final at the effective date of the amendment to section 11379. (See *Vinson, supra,* 193 Cal.App.4th at p. 1194.)

2.  *The Appropriate Remedy is to Reverse the Transportation Conviction*

The issue on which defendant and the People part ways is the appropriate remedy. Both ask this court to remand to the trial court for resentencing. Before remand, defendant asks this court to reverse his conviction on count 2, transportation of methamphetamine. The People contend the more appropriate remedy is to modify the conviction from transportation of methamphetamine under section 11379 to simple possession under section 11377.

Penal Code section 1181, subdivision (6), allows a trial court or "any court to which the cause may be appealed" to modify a verdict in limited circumstances "if the evidence shows the defendant to be not guilty of the degree of the crime of which he was

4

convicted, but guilty of a lesser degree thereof, *or of a lesser crime included therein . . . .*" (§ 1181, subd. (6), italics added.)  However, a court exceeds its authority under this subdivision if it reduces a conviction to any offense other than a lesser included offense, including a lesser related offense.  (*People v. Lagunas* (1994) 8 Cal.4th 1030, 1039-1040.)

We must then determine whether simple possession under section 11377 is a lesser included offense of transportation under section 11379.  If it is, then this court may modify the transportation conviction to simple possession before remanding to the trial court for resentencing.  If not, then this court has no such authority and must simply reverse the transportation conviction and remand for resentencing.

The authorities we have reviewed indicate that possession of a controlled substance under section 11377 is not a lesser included offense of transportation of a controlled substance under section 11379.  "An offense is necessarily included in another if . . . the greater statutory offense cannot be committed without committing the lesser because all of the elements of the lesser offense are included in the greater."  (*People v. Hughes* (2002) 27 Cal.4th 287, 365-366 (*Hughes*).)  In making this determination, the courts look to:  (1) the statutory definition of the two offenses; and (2) the allegations in the charging documents.  (*People v. Thomas* (1991) 231 Cal.App.3d 299, 305 (*Thomas*).)  However, the courts do not look to the facts brought out at trial.  (*Hughes, supra,* 27 Cal.4th at p. 306.)  Thus, even though the evidence at trial shows that this defendant did possess the methamphetamine, this does not factor into the 'lesser included offense' determination.

5

Here, the People chose not to charge defendant with simple possession. In addition, the second amended complaint contains no allegations whatsoever that defendant had possession of the methamphetamine, but rather, as defendant points out, contains generic language regarding transportation. As for the statutory definitions of the two crimes, numerous courts have already determined that one can be convicted of transporting drugs without possessing them. (*Thomas, supra,* 231 Cal.App.3d at 305 ["By definition possession is not an essential element of transportation because the latter offense can be committed without also committing possession."]; *People v. Watterson* (1991) 234 Cal.App.3d 942, 947 [Fourth Dist., Div. 2] ["[P]ossession of narcotics for sale is not necessarily included in the offense of transportation of narcotics."]; *People v. Rogers* (1971) 5 Cal.3d 129, 134, fn. omitted ["Although possession is commonly a circumstance tending to prove transportation, it is not an essential element of that offense and one may 'transport' marijuana or other drugs even though they are in the exclusive possession of another" as by aiding and abetting the transportation of drugs by others.].) For these reasons, we are unable to modify defendant's conviction from transportation to simple possession. We reverse the conviction on count 2.

3. *Defendant Can be Retried for Transportation But Cannot be Tried for Possession*

The parties also disagree as to whether, on remand, defendant can be retried on the transportation charge, or whether such prosecution would run afoul of the prohibition against double jeopardy.

Although the People do not argue that they can after remand choose to try defendant on simple possession, we wish to clarify that they cannot. Multiple

6

prosecutions for the same act are prohibited under Penal Code section 654.[2]

"When . . . the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause.  Failure to unite all such offenses will result in a bar to subsequent prosecution for any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence."  (*Kellett v. Superior Court* (1966) 63 Cal.2d 822, 827.)  Although the trial court instructed the jury on the crime of simple possession of a controlled substance under section 11377, this is because the court and attorneys apparently believed it was a lesser included offense to the charged crime of transportation of a controlled substance under section 11379.  The jury did not attempt to arrive at a verdict on simple possession because they had been instructed to do so only if they acquitted defendant on the transportation charge.  If the People had charged defendant with the lesser related offense of simple possession, the jury would have been instructed to arrive at verdicts on both the greater (transportation) and lesser (simple possession) charges.  Because the People did not do so, any new trial in this matter on simple possession would constitute a new prosecution of defendant based on the same evidence

---

[2]  Section 654, subdivision (a), states, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision.  An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

used to prosecute the original charge of transportation. This would violate Penal Code section 654, subdivision (a).

Regarding retrial on the transportation charge, we will remand the matter for further proceedings. "Where, as here, evidence is not introduced at trial because the law at that time would have rendered it irrelevant, the remand to prove that element is proper and the reviewing court does not treat the issue as one of sufficiency of the evidence. [Citation.]" (*People v. Figueroa* (1993) 20 Cal.App.4th 65, 71-72, fn. 2)

### DISPOSITION

The conviction on count 2 is reversed. The matter is remanded to the trial court for resentencing. Double jeopardy does not bar the People from retrying defendant on count 2.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT
J.*

We concur:

MILLER
Acting P. J.

CODRINGTON
J.

---

\* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section six of the California Constitution.