[No. E024979. Fourth Dist., Div. Two. June 9, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD JOSEPH KING, Defendant and Appellant.

## COUNSEL

Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Carl Horst and Gary W. Brozio, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HOLLENHORST, Acting P. J.**—The sole issue we address in this appeal is whether the offense of receiving stolen property (Pen. Code, § 496)[1] is necessarily included within the offense of owning and operating a chop shop (Veh. Code, § 10801) so as to bar simultaneous convictions on both offenses. We conclude that it is under the facts of this case and accordingly reverse defendant's convictions on the four counts of receiving stolen property.[2] In all other respects, the judgment is affirmed.

### FACTS AND PROCEDURAL HISTORY

In January 1999, defendant lived in an apartment inside a barn rented to him by Gertrude Rowlands. The barn was divided up into thirds: The first area consisted of a living room, bedroom, bathroom and kitchen. The second area consisted of several 15-by-15-foot cubicles, equipped with various tools, such as socket wrenches, end wrenches, and other tools that could be used for repairs or taking things apart, and lights so that people could work at night. The third area consisted of an open space through which a car could be driven, back to front.

On January 6, 1999, the Riverside County Sheriff's Office, the Hemet Police Department and the California Highway Patrol participated in a search of defendant's residence.[3] Among other things, they found evidence of four stolen vehicles.

The first vehicle, a white 1994 Chevrolet truck belonging to Pablo Ahumada, still contained the vehicle registration in Ahumada's name. It had been stolen February 21, 1998.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Having so concluded, we do not reach defendant's related contentions that the trial court erred in failing to instruct sua sponte that defendant could not be convicted of receiving stolen property in addition to running a chop shop, and section 654 bars separate sentences for both running a chop shop and receiving stolen property.

[3] Defendant has not raised any search issues.

The second vehicle, a 1988 Chevrolet truck belonging to George Goddard and a company known as Fast Track Racing for Kids, had been stolen in late July or early August 1998. The vehicle identification number (VIN) had been transplanted from a 1982 Chevrolet truck, the federal identification label on the door was missing, and the door itself appeared to have been taken from another truck.

The third vehicle, a 1989 El Capitan motor home belonging to Cedric Monson, had been stolen in September 1998. The ignition switch had been altered and it was missing the rear tires, a ladder, and the license plates. Additionally, the interior had been ransacked.

The fourth vehicle, a late model Nissan Stanza belonging to Marcy Sell, had been stolen in September 1998. The VIN on the engine had been cut off and the car itself had been cut into pieces with only the engine block, the hood and various other parts remaining; the cuts made to remove the engine appeared to be new.

Defendant was charged with and convicted of, inter alia, one count of running a chop shop in violation of Vehicle Code section 10801 and four counts of receiving stolen property in violation of section 496 based on the four stolen vehicles detailed above.

## DISCUSSION

In *People v. Ortega* (1998) 19 Cal.4th 686 [80 Cal.Rptr.2d 489, 968 P.2d 48], our Supreme Court recently reaffirmed the rule that although section 954 expressly allows multiple convictions to be based on the "same offense," an exception to this general rule is that " 'multiple convictions may *not* be based on necessarily included offenses. . . .' " (19 Cal.4th at p. 692, citations omitted.) " ' "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." . . .' " (*Ibid.*, citations omitted.) Where defendant is convicted of a greater and an included offense, the conviction for the included offense must be reversed. (*People v. Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595].)

To determine whether an offense cannot be committed without necessarily committing the included offense, we look to the statutory definitions of both offenses and the language of the accusatory pleading, but do not consider the evidence in support of the conviction. (*People v. Ortega, supra,* 19 Cal.4th 686, 698.) Applying this test, defendant contends that "the

statutory language of the offenses of running a chop shop and receiving stolen property, consistent with the language in the information, shows the latter is included in the former." We agree.

Under section 496, subdivision (a), the elements of receiving stolen property are (1) stolen property; (2) knowledge that the property was stolen; and (3) possession of the stolen property.[4] (*People v. Land* (1994) 30 Cal.App.4th 220, 223 [35 Cal.Rptr.2d 544].) The offense of owning or operating a chop shop as defined by Vehicle Code sections 10801[5] and 250[6] likewise requires stolen property, i.e., stolen motor vehicles/parts, the defendant's knowledge that the property was stolen, and possession of the stolen property, but adds the further requirement that the defendant intentionally own or operate a place in which such stolen property is altered, destroyed, disassembled, dismantled, reassembled, or stored in order to change their identity or to sell them. Thus, all of the elements of receiving stolen property are necessarily included in running a chop shop where, as here, it is clear from the information that the stolen property alleged to have been received is the same property, i.e., the stolen motor vehicles, that constitute the chop shop violation. (See *People v. Ortega, supra,* 19 Cal.4th 686, 699 [grand theft of an automobile is a necessarily included offense of robbery where both are based on the same conduct, i.e., the taking of an automobile].)

---

[4]Section 496, subdivision (a) provides: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a state prison, or in a county jail for not more than one year. However, if the district attorney or the grand jury determines that this action would be in the interests of justice, the district attorney or the grand jury, as the case may be, may, if the value of the property does not exceed four hundred dollars ($400), specify in the accusatory pleading that the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year. [¶] A principal in the actual theft of the property may be convicted pursuant to this section. However, no person may be convicted both pursuant to this section and of the theft of the same property."

[5]Vehicle Code section 10801 provides: "Any person who knowingly and intentionally owns or operates a chop shop is guilty of a public offense and, upon conviction, shall be punished by imprisonment in the state prison for two, three, or four years, or by a fine of not more than fifty thousand dollars ($50,000), or by both the fine and imprisonment, or by up to one year in the county jail, or by a fine of not more than one thousand dollars ($1,000), or by both the fine and imprisonment."

[6]Vehicle Code section 250 provides: "A 'chop shop' is any building, lot, or other premises where any person has been engaged in altering, destroying, disassembling, dismantling, reassembling, or storing any motor vehicle or motor vehicle part known to be illegally obtained by theft, fraud, or conspiracy to defraud, in order to do either of the following:

"(a) Alter, counterfeit, deface, destroy, disguise, falsify, forge, obliterate, or remove the identity, including the vehicle identification number, of a motor vehicle or motor vehicle part, in order to misrepresent the identity of the motor vehicle or motor vehicle part, or to prevent the identification of the motor vehicle or motor vehicle part.

"(b) Sell or dispose of the motor vehicle or motor vehicle part."

While recognizing the above rules and statutory definitions, respondent nevertheless posits two reasons why receiving stolen property is not necessarily included in owning or operating a chop shop.[7] Upon analysis, neither reason withstands scrutiny.

Respondent first argues that "a person can aid and abet the operation of a chop shop without receiving stolen property [such as] by supplying tools for dismantling, or dyes for changing VIN numbers." However, this argument fails to recognize that an aider and abettor is regarded by the law as a principal under section 31.[8] (*People v. Morante* (1999) 20 Cal.4th 403, 433 [84 Cal.Rptr.2d 665, 975 P.2d 1071].) To that extent, "any criminal responsibility in the commission of the crime is sufficient for conviction as a principal." (*People v. Nguyen* (1993) 21 Cal.App.4th 518, 537 [26 Cal.Rptr.2d 323].) Thus, because, as set forth above, the statutory definition of receiving stolen property is subsumed under the statutory definition of owning or running a chop shop, we agree with defendant that one who aids and abets the running of a chop shop necessarily also aids and abets the receipt of stolen property, i.e., stolen motor vehicles/parts.

The main distinguishing factor between this case and those cited by respondent is that in each of the cases cited by respondent, the statutory definition of the lesser offense is not necessarily included within the statutory definitions of the greater offense, and therefore the aiding and abetting of the greater offense would not automatically result in the aiding and abetting of the lesser. (See *People v. Rogers* (1971) 5 Cal.3d 129, 134 [95 Cal.Rptr. 601, 486 P.2d 129] [possession of a narcotic (former Health & Saf. Code, § 11530, now § 11357) is not included within definition of transportation of a narcotic (former Health & Saf. Code, § 11531, now § 11360); thus, one can aid and abet the transportation of narcotics without possessing them, such as when the narcotics are in the possession of a passenger]; *People v. Watterson* (1991) 234 Cal.App.3d 942, 944-947 [286 Cal.Rptr. 13] [same]; *People v. Goodall* (1982) 131 Cal.App.3d 129, 146-147 [182 Cal.Rptr. 243] [possession of piperidine and cyclohexanone with intent to manufacture PCP (Health & Saf., § 11383, subd. (b)) is not included within

---

[7]Respondent states there is a third reason, i.e., that "a person may violate section 496 by receiving extorted property[, but e]xtorted property is not . . . mentioned in Vehicle Code sections 250 or 10801." Almost in the same breath, however, respondent then acknowledges "[t]his . . . difference between the statutes is not applicable in the present case because the amended information did not include the word 'extortion' in counts 3 through 6. Rather, the information simply alleged that the property had been 'obtained by theft.' " Because this third argument is admittedly not relevant here, we will not discuss it.

[8]Section 31 provides: "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, . . . are principals in any crime so committed."

definition of manufacture of PCP (former Health & Saf. Code, § 11379.5, now § 11379.6); thus, one can aid and abet the manufacture without having actual or constructive possession of the necessary ingredients].[9]) Here, by contrast, one cannot aid and abet the ownership or operation of a chop shop without necessarily receiving stolen property, whether as a principal or as an aider and abetter.

The second reason proffered by respondent is that "the receipt of any stolen property will suffice to prove a violation of section 496 [whereas] section 10801 requires specified stolen property—namely motor vehicles or motor vehicle parts." However, as defendant points out, this merely shows the greater offense is not included in the lesser offense. Additionally, it is notable that our Supreme Court in *People v. Ortega* rejected arguments similar to the one made by respondent. For example, the dissent in *People v. Irvin* (1991) 230 Cal.App.3d 180 [281 Cal.Rptr. 195] argued that grand theft of an automobile is not a necessarily included offense of robbery because "robbery . . . can be committed without committing the grand theft of an automobile. The essential element of the less serious offense, the taking of an automobile, is not an element of the greater offense of robbery." (*Id.*, at p. 194 (dis. opn. of Turner, P. J.).) Similarly, the dissent in *People v. Rush* (1993) 16 Cal.App.4th 20 [20 Cal.Rptr.2d 15] argued that grand theft of an automobile is not a necessarily lesser included offense of robbery, because robbery can be committed without taking an automobile. (*Id.*, at p. 35 (dis. opn. of Woods (Fred), J.).) The *Ortega* court rejected the arguments because, "[i]n each of these cases, the dissenting justice erroneously treated every form of theft as a separate offense." (*People v. Ortega, supra,* 19 Cal.4th 686, 696.) "Focusing upon whether a particular form of theft necessarily is included within the offense of robbery misses the point . . . that the crime of theft, in one form or another, always is included within robbery." (*Id.*, at p. 697.) "[G]rand theft is simply one of the two degrees of the general crime of theft, and . . . the theft of an automobile is simply one of the many forms of theft that constitute grand theft. [¶] Theft, in whatever form it happens to occur, is a necessarily included offense of robbery. . . . We reaffirm the well-established rule that a defendant may not be convicted of both robbery and grand theft based upon the same conduct." (*Id.*, at pp. 698-699.)

In coming to this conclusion, the *Ortega* court set forth the current test for a necessarily included offense: "The determination of whether an offense

---

[9]*Rogers* and *Goodall* also involved the issue of multiple sentences under section 654, not multiple convictions. As noted in *Watterson,* "the distinction between multiple convictions and multiple punishments has often been blurred." (*People v. Watterson, supra,* 234 Cal.App.3d 942, 946; see also *People v. Ortega, supra,* 19 Cal.4th 686, 692 [issue of when a defendant may receive multiple convictions for offenses arising out of a single act or course of conduct must be distinguished from the closely related question of when a defendant may receive multiple sentences based upon a single act or course of conduct].)

cannot be committed without necessarily committing the included offense must be based . . . upon the statutory definitions of both offenses and the language of the accusatory pleading. [Citations.]" (*People v. Ortega, supra,* 19 Cal.4th 686, 698.) Applying this test, the court stated, "[W]hether defendants properly were convicted of both robbery and theft depends upon whether those convictions were based upon the same conduct." (*Id.,* at p. 699.) Count III of the amended information alleged that defendants committed robbery by forcibly taking "personal property" from the victim. Count V, the theft count, alleged that defendants took "a certain automobile," a van, from the same victim. Although the prosecutor told the jury during closing argument that the robbery charge in count III was based upon the forcible theft of the victim's wallet and pager, the Supreme Court disagreed, concurring instead with the Court of Appeal that the property taken during the robbery as charged in count III included the van. (*Ibid.*) " 'When a defendant steals multiple items during the course of an indivisible transaction involving a single victim, he commits only one robbery or theft notwithstanding the number of items he steals.' [Citation.]" (*Ibid.*) Accordingly, the court held that defendants could not be convicted of both the robbery of the victim, as charged in count III, and the grand theft of the van, as charged in count V. (*Id.,* at p. 700.)

Using *Ortega*'s analysis, whether or not defendant was properly convicted of both owning or operating a chop shop and receiving stolen property depends upon whether those convictions were based on the same stolen property. Count I of the amended information alleges defendant knowingly and intentionally operated a chop shop in violation of Vehicle Code section 10801. As noted above, a chop shop is a place where stolen motor vehicles/parts are altered, destroyed, disassembled, dismantled, reassembled, or stored in order to change their identity or to sell them. (Veh. Code, § 250.) Counts III, IV, V, and VI alleged defendant unlawfully received and concealed four stolen motor vehicles in violation of section 496, subdivision (a). We conclude that defendant's conviction for running a chop shop as alleged in count I was based, at least in part, on the stolen vehicles alluded to in counts III, IV, V, and VI. The prosecutor argued as much during closing argument and respondent does not contend otherwise. Therefore, defendant's convictions on the four counts of receiving stolen property must be reversed.

### DISPOSITION

The judgment is reversed as to counts III, IV, V, and VI. The matter is remanded to the trial court with directions to strike the convictions on those counts, resentence defendant in light of this opinion, and thereafter forward

an amended abstract of judgment to the appropriate authorities. In all other respects, the judgment is affirmed.

McKinster, J., and Gaut, J., concurred.

Respondent's petition for review by the Supreme Court was denied August 30, 2000.