[No. B134371. Second Dist., Div. Six. Oct. 23, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
MARVIN DEAN STROHMAN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the portions indicated by the court. Ellipses enclosed in brackets have been used to signal the omission of sentences and parts of sentences in executing the court's order for partial publication.

**COUNSEL**

Mark E. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Linda C. Johnson and Thien Huong Tran, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, P. J.**—Vehicle Code section 250 states in part: "A 'chop shop' is any building, lot, or other premises where any person has been engaged in altering, destroying, disassembling, dismantling, reassembling, or storing any motor vehicle or motor vehicle part known to be illegally obtained by theft, fraud, or conspiracy to defraud . . . ."

Here we hold that receiving stolen property is not a necessarily included offense of operating a chop shop. [. . .]*

Marvin Dean Strohman appeals from a judgment after conviction of receiving stolen property (Pen. Code, § 496, subd. (a)) and of operating a chop shop. (Veh. Code, §§ 250, 10801.) [. . .]* We affirm.

*Facts*

Todd Crouch owned a distinctive turquoise- and bone-colored Harley Davidson motorcycle. Less than two months after he bought it, it was stolen from a hotel parking lot in San Luis Obispo.

A week later, Santa Barbara County Sheriff Sergeant Kenneth Reinstadler saw the bike parked outside a bar in Orcutt. He spoke with Strohman who told him he "deals in bikes" and purchased this bike at a discount.

Nine days later, officers served a search warrant on Strohman's Orcutt home. Deputies found hundreds of thousands of motorcycle parts throughout the residence. Some of the parts were from stolen bikes, and others had altered vehicle identification numbers (VIN's). Parts from Couch's motorcycle were found in the living room. Strohman admitted violating vehicle registration statutes because he bought and sold so many bikes. He did not have receipts showing lawful purchases of the bikes.

Strohman testified that he purchased the bikes and parts lawfully and did not know they were stolen or had altered VIN's. He also denied making false or inconsistent statements to the officers who conducted the investigation.

In addition to the evidence at trial, the court had information regarding Strohman's criminal activities. Before serving the search warrant on his residence, officers had seen other stolen motorcycles there. A license plate from one stolen motorcycle was recovered at his home. Police informants had purchased methamphetamine from Strohman. The search of his home uncovered drugs and drug paraphernalia. Officers also recovered stolen household appliances and fixtures stolen from Strohman's former landlord.

*See footnote, *ante*, page 1313.

[. . .]*

*Discussion*

I

■ Strohman argues his conviction for receiving stolen property must be reversed. He relies on the recent case of *People v. King* (2000) 81 Cal.App.4th 472 [96 Cal.Rptr.2d 817], which holds that the offense of receiving stolen property is necessarily included within the offense of owning and operating a chop shop. (See *People v. Ortega* (1998) 19 Cal.4th 686, 692 [80 Cal.Rptr.2d 489, 968 P.2d 48] [the test of a necessary included offense is whether an offense cannot be committed without necessarily committing another offense].) We, however, are not persuaded by *King*.

Vehicle Code section 250 states that for property to fall within the definition of operating a chop shop, it must be "illegally obtained by theft, fraud, or conspiracy to defraud."

The People point out that property acquired through fraud, for example, would not fall under the definition of receiving stolen property. Penal Code section 496 applies only to property stolen or obtained by theft or extortion.

Here the information did not specify that the chop shop offense was based upon stolen property and referred only to the general language of the statute. The determination of whether an offense is a necessarily included offense must be based solely upon the statutory definitions of the offenses and the language of the accusatory pleading. The court may not examine the evidence offered in support of the conviction. (*People v. Ortega, supra,* 19 Cal.4th at p. 698.) Because a person may be guilty of operating a chop shop without committing the offense of receiving stolen property, neither the statutory definitions nor the accusatory pleading bars Strohman's convictions.

II*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

*See footnote, *ante*, page 1313.

The judgment is affirmed.

Yegan, J., and Coffee, J., concurred.

On November 22, 2000, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied January 30, 2001. Kennard, J., was of the opinion that the petition should be granted.