Filed 7/11/13  P. v. Miffin CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B242671 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA390431) |
| v. | |
| ERIC W. MIFFIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig Richman, Judge.  Affirmed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Connie H. Kan, Deputy Attorneys General, for Plaintiff and Respondent.

Eric W. Miffin appeals from the judgment entered following his conviction by jury on three counts of residential burglary (Pen. Code, § 459) and one count of receiving stolen property (Pen. Code, § 496, subd. (a).)[1] On appeal, he challenges the sufficiency of the evidence to support the receiving stolen property count. He also contends the evidence was insufficient to support the finding of his ability to pay attorney fees. We conclude that the evidence is sufficient to support the stolen property count and that appellant forfeited his challenge to the imposition of attorney fees by failing to object in the trial court. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Prosecution Evidence*

*Burglary Counts*

Appellant's fingerprints were found at the scene of the following three residential burglaries.

On November 30, 2010, around 8:00 p.m., Lilian Romero returned to her home in Los Angeles after a three-hour absence and found her front door and kitchen window open, broken furniture, and several missing items, including $5,200 cash, a coin collection, and jewelry.

On June 2, 2011, Omar Barrios and his father left their home in Los Angeles around 7:00 p.m. When Barrios returned around 11:00 p.m., there was a hole in the front door, and a Sony stereo and money were missing from his father's bedroom.

On July 25, 2010, Isidoro Castelan left his home in Los Angeles around 11:00 a.m. and returned around 9:30 p.m. When he returned, he found that his

---

[1] All further statutory references are to the Penal Code.

front door and window had been broken.  He discovered that a computer, documents, jewelry, and money were missing.

### Receiving Stolen Property

On August 29, 2011, Jose Linares, who was 15 years old at the time of trial, went out to eat with his family.  They left their home in Los Angeles around 8:00 p.m., locking the doors and windows, and returned around 9:00 p.m.  When they returned, they found the home in disarray and saw that the security bars on his bedroom window were open.  The family's Sony PlayStation Portable (PSP) had been stolen.

Los Angeles Police Department Detective Christopher Marsden arrested appellant on October 27, 2011.  When Detective Marsden searched appellant's car, he found approximately 35 pawn shop receipts in the trunk of the car.  Eleven of the receipts were from Charles Jewelry.  One pawn receipt showed that appellant pawned a Sony PSP on August 31, 2011.  Detective Marsden went to the pawn shop, located the Sony PSP, and discovered that it contained a photograph of Linares, depicting him holding a diploma from his school.

### Defense Evidence

Appellant presented no evidence.

### Procedural Background

Appellant was charged in an amended information with three counts of first degree residential burglary and one count of receiving stolen property.  It was further alleged that appellant had served seven prior prison terms pursuant to section 667.5, subdivision (b), and that he had suffered one strike for purposes of

the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and one prior conviction of a serious felony under section 667, subdivision (a)(1).

The jury found appellant guilty on all four counts. Appellant admitted the prior strike, and the prosecution chose not to proceed on the remaining priors. The court granted appellant's *Romero* motion (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) and struck the strike as to two burglary counts and the receiving stolen property count (counts 2, 3, and 4), but denied it as to the remaining burglary count (count 1). The court sentenced appellant to a total of 16 years 4 months.

## DISCUSSION

Appellant contends that the evidence is insufficient to sustain the receipt of stolen property count. He also contends that insufficient evidence supports the finding of his ability to pay $110 in attorney fees.

### I.    *Stolen Property Count*

"On appeal, an appellate court deciding whether sufficient evidence supports a verdict must determine whether the record contains substantial evidence – which we repeatedly have described as evidence that is reasonable, credible, and of solid value – from which a reasonable jury could find the accused guilty beyond a reasonable doubt. [Citation.]" (*People v. Hovarter* (2008) 44 Cal.4th 983, 996-997, italics deleted.)

"We resolve all conflicts in the evidence and questions of credibility in favor of the verdict, and indulge every reasonable inference the jury could draw from the evidence. [Citation.] This standard applies whether direct or circumstantial evidence is involved. [Citation.] It also applies when determining whether the

4

evidence is sufficient to sustain a jury finding on a gang enhancement.  [Citations.] Reversal is unwarranted unless "'upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].'"  [Citation.]"  (*People v. Mendez* (2010) 188 Cal.App.4th 47, 56.)

"Under section 496, subdivision (a), the elements of receiving stolen property are (1) stolen property; (2) knowledge that the property was stolen; and (3) possession of the stolen property.  [Citation.]"  (*People v. King* (2000) 81 Cal.App.4th 472, 476, fn. omitted.)  Appellant contends that the evidence is insufficient to support the finding that he knew the property was stolen.  We disagree.

"'[P]roof of knowing possession by a defendant of recently stolen property raises a strong inference of the other element of the crime:  the defendant's knowledge of the tainted nature of the property.  This inference is so substantial that only "slight" additional corroborating evidence need be adduced in order to permit a finding of guilty.  [Citation.]'  [Citation.]"  (*People v. Reyes* (1997) 52 Cal.App.4th 975, 985 (*Reyes*).)

There is no dispute that Linares' Sony PSP was stolen and that appellant pawned it only two days later.  Thus, only slight additional corroborating evidence is needed to support the conviction.  (*Reyes*, *supra*, 52 Cal.App.4th at pp. 984-985.)

Viewing the evidence in the light most favorable to the judgment and drawing all reasonable inferences in favor of the conviction, we have no trouble concluding that the evidence is sufficient to sustain the finding that appellant knew the Sony PSP was stolen.  The Sony PSP had a photograph of Linares holding a middle school diploma.  In addition, there were approximately 35 pawn shop receipts in appellant's car when he was arrested, including the receipt for Linares'

5

Sony PSP. Finally, evidence appellant had committed burglaries on three separate occasions tended to prove that he knew that the Sony PSP he pawned was stolen.

Appellant argues that the evidence supporting the burglary counts was not cross-admissible as to the receiving stolen property count. His argument, however, consists of only one sentence, and he does not support his claim with any legal analysis or citation to the record. It is therefore forfeited. "'[I]t is appellant's burden to affirmatively show error. [Citation.] To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]' [Citation.] 'Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review.' [Citation.]" (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457.)


II.    *Ability to Pay Attorney Fees*

At sentencing, the trial court imposed a $110 attorney fee on appellant, pursuant to section 987.8. Under section 987.8, the court must make a determination, either express or implied, that the defendant has the ability to pay defense costs. (*People v. Prescott* (2013) 213 Cal.App.4th 1473, 1476; *People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1421.) Appellant contends that the imposition of the fee was erroneous because the trial court did not hold a hearing or make an explicit finding regarding his ability to pay.

Although appellant correctly points out that the record does not indicate that the trial court made any findings regarding his financial ability, he did not raise this contention below. Respondent concedes in its brief that appellant did not forfeit his challenge to the sufficiency of the evidence to support his ability to pay

attorney fee, relying on *People v. Pacheco* (2010) 187 Cal.App.4th 1392 (*Pacheco*). However, after briefing was complete in this case, the California Supreme Court disapproved *Pacheco* in *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*).

In *Pacheco*, the defendant claimed on appeal that the trial court erroneously imposed several fees, including an attorney fee under section 987.8, without determining his ability to pay the fees. Although he had not objected to the imposition of the fees in the trial court, the appellate court held that he was not required to do so in order to assert his claim on appeal. (*Pacheco*, *supra*, 187 Cal.App.4th at p. 1397.) Because the trial court did not make a finding, either express or implied, about the defendant's ability to pay the fee, the court held that the order directing payment of attorney fees was erroneous. (*Id.* at pp. 1398-1399.)

In *McCullough*, the California Supreme Court disapproved *Pacheco* and held that a defendant who failed to object to the imposition of a booking fee under Government Code section 29550.2 had forfeited his right to challenge it on appeal. (*McCullough*, *supra*, 56 Cal.4th at pp. 591, 599.) Similar to section 987.8, Government Code section 29550.2, subdivision (a) requires the court to determine a defendant's ability to pay before ordering payment. (*Id.* at pp. 592-593, 599.) The court reasoned that the determination of a defendant's ability to pay a fee was a factual issue that required the development of the record below. (*Id.* at p. 597.) A defendant who failed to challenge the sufficiency of the evidence when the fee was imposed accordingly did not have the right to raise it on appeal. (*Ibid.*)

Similar to the imposition of a booking fee at issue in *McCullough*, the imposition of an attorney fee requires factual determinations regarding the defendant's ability to pay. We therefore rely on *McCullough* to conclude that

appellant forfeited his right to challenge the fee by failing to raise it at the time the fee was imposed.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.


We concur:



MANELLA, J.



SUZUKAWA, J.

8