Filed 2/26/26  P. v. Roeschen CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

RYAN PAUL ROESCHEN,

    Defendant and Appellant.

E083873

(Super.Ct.No. BLF2300045)

OPINION

APPEAL from the Superior Court of Riverside County.  Francisco Navarro, Judge.  Affirmed in part, reversed in part, and remanded with directions.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Alan L. Amann and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2023 a jury convicted Ryan Paul Roeschen of, among other things, receiving a stolen vehicle and operating a chop shop. On appeal, Roeschen seeks to vacate the former conviction because it is a lesser included offense of the latter. The People agree. We agree with the parties, reverse the conviction, and remand for resentencing.

BACKGROUND

In 2021, while investigating an unrelated matter, police saw an orange quad off-road vehicle matching the description of a vehicle that had recently been reported stolen. The vehicle was in Roeschen's driveway, and there were also "a ton of additional parts and off-road vehicles," on the property. Police confirmed the orange quad's vehicle identification number (VIN) matched the stolen vehicle, then obtained a search warrant to search the property. While executing the search warrant, the officers found a dirt bike that had been reported stolen alongside the quad, as well as two bags of methamphetamine weighing about 28 grams each.

In 2023, Marco M. discovered his and his cousin's quads had both been stolen. A little over a week later, his cousin saw one of the quads in a parking lot. Marco M. went to the parking lot and confronted a man trying to push start the quad, who told him that the quad belonged to Roeschen. The man then gave him Roeschen's address. When Marco M. went to the address later that day he saw his quad there and called the police.

After searching the property, police identified parts of Marco M.'s stolen quad, another white quad that belonged to someone an officer knew, a green quad with its VIN altered, and a red quad with its VIN completely erased. Police also found tools to work

2

on vehicles as well as vehicle parts.  During the search, Roeschen threw a plastic bag over a fence.  When officers retrieved it, they found it contained 149 grams of psilocybin mushrooms.

In September 2023 a jury convicted Roeschen on two counts of receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)) (Counts 1 and 4),[1] possession of methamphetamine (Health & Saf. Code, § 11378) (Count 2), operating a chop shop (Veh. Code, § 10801) (Count 3) and possession of psilocybin mushrooms for sale (§ 11351) (Count 5).  The court sentenced Roeschen to an aggregate term of 11 years, four months, composed of six years for Count 1, one year, four months for Count 2, four years for Count 4, and two concurrent six year terms for Counts 3 and 5.

In April 2024 the California Department of Corrections identified what it believed to be an error in sentencing.  In response, the court changed Roeschen's sentence for Count 4 from four years to two years but kept the rest of the sentence the same, resulting in an aggregate term of nine years, four months.

ANALYSIS

On appeal, Roeschen argues that one of his convictions for receiving a stolen vehicle (Count 4) was a lesser included offense of running a chop shop, so that conviction should be reversed.  The People agree with Roeschen, and we agree with the parties.

"In California, a single act or course of conduct by a defendant can lead to convictions 'of *any number* of the offenses charged.'  [Citations.]  But a judicially created

---

[1] Unlabeled statutory citations refer to the Penal Code.

exception to this rule prohibits multiple convictions based on necessarily included offenses." (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034.) "In deciding whether an offense is necessarily included in another, we apply the elements test, asking whether ' "all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense." ' [Citation.] In other words, 'if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' " (*Ibid.*) "Where defendant is convicted of a greater and an included offense, the conviction for the included offense must be reversed." (*People v. King* (2000) 81 Cal.App.4th 472, 475 (*King*).)

We have previously held that receiving stolen property is a lesser included offense of operating a chop shop. (*King*, *supra*, 81 Cal.App.4th at p. 476.) As we reasoned in that case, "the elements of receiving stolen property are (1) stolen property; (2) knowledge that the property was stolen; and (3) possession of the stolen property," while operating a chop shop requires the same elements "but adds the further requirement that the defendant intentionally own or operate a place in which such stolen property is altered, destroyed, disassembled, dismantled, reassembled, or stored in order to change their identity or to sell them." (*Ibid.*) Accordingly, "all of the elements of receiving stolen property are necessarily included in running a chop shop where, as here, it is clear from the information that the stolen property alleged to have been received is the same property, i.e., the stolen motor vehicles, that constitute the chop shop violation." (*Ibid.*)

4

The only remaining question is whether the convictions for running a chop shop and receiving a stolen vehicle are based on the same vehicle. Looking at the prosecution's argument at trial, the same white quad was the underlying stolen property contemplated by both Count 3—the chop shop charge—and Count 4. The prosecution specifically says "Count 4, receiving stolen property. Now we're talking about the white quad," establishing that this charge was based on this specific vehicle. Nevertheless, the prosecution mentions the same white quad—alongside other stolen vehicles—in connection with Count 3. Therefore, under our decision in *King*, Roeschen is correct that Count 4 was a lesser included offense of Count 3 and must be reversed.

Accordingly, we reverse Roeschen's conviction as to Count 4. In addition, because we reverse one of Roeschen's convictions, we must also remand to allow the trial court to conduct a full resentencing based on the surviving convictions. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["We have held that when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' "].)

DISPOSITION

We reverse the judgment as to Count 4. The matter is remanded to the trial court with directions to strike that conviction, resentence defendant in light of this opinion, and thereafter forward an amended abstract of judgment to the California Department of

5

Corrections and Rehabilitations as well as all other relevant authorities.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL                    
                                         J.

We concur:


RAMIREZ                    
                    P. J.


FIELDS                    
                    J.