[No. H007159. Sixth Dist. June 14, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK RENEE THOMAS, Defendant and Appellant.

## COUNSEL

Jackson W. Wallace for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Jeffrey M. Bryant, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ELIA, J.**—After a jury trial appellant Mark Renee Thomas was convicted of possession of cocaine base (Health & Saf. Code, § 11350) and transportation of cocaine base (Health & Saf. Code, § 11352). On appeal, he contends: 1) the trial court coerced the jury into returning a verdict, in violation of his rights to an impartial jury and fair trial, and 2) his conviction of possession should have been stricken because possession is a lesser included offense of transportation. We affirm the judgment.

### BACKGROUND

Because appellant raises exclusively procedural issues related to trial and sentencing, a detailed statement of underlying facts is unnecessary. The charges of which appellant was convicted arose from a routine traffic stop during which appellant gave the investigating officer consent to search the car.[1] In the course of that search the officer removed 21 "rocks" of cocaine base from the car. After placing appellant under arrest the officer searched him and recovered $216 in cash from appellant's pants pocket. Based on this evidence appellant was accused by information of possession of cocaine base for sale (Health & Saf. Code, § 11351.5) and transportation of cocaine.

During its deliberations at trial the jury sent a note to the trial judge requesting "direction on the following decision:

"No agreement on 11351.5     Deadlocked

"No agreement on 11352     Deadlocked

"Agreement on 11350"

---

[1]According to appellant, the car belonged to his mother-in-law. Appellant was riding in the passenger seat with a female acquaintance, who was driving at the time the car was stopped for speeding.

The court reminded the jury that "[t]he court cannot accept a guilty verdict on a lesser crime unless the jury also unanimously finds and returns a signed verdict form of not guilty as to the charged or greater crime." The court observed that the jury had been deliberating for "somewhat over a day." By questioning the foreperson the court learned that approximately seven ballots had already been taken and that the jury was split nine to three on count 1 (possession for sale) and eleven to one on count 2 (transportation).

The trial court asked each juror if he or she thought it would be productive for the jury to continue to deliberate; each answered in the negative. The court then requested a show of hands in response to the question, "Do you think it would be at all helpful to you if the court gave you further instructions on the law?" One juror indicated that further instruction would be helpful. No juror responded to the court's next question, whether a rereading of evidence presented would be useful.

The court then instructed the jury, "You've been deliberating for a day. That's not an inordinate amount of time in a case. I'd like you to go back into the jury deliberation room and I'd like you to discuss, if you would, the issue of whether or not you think that further instructions on the law could be helpful to you. [¶] And if you think that they could, give me a note telling me what particular areas of the law you think the court can assist you with. Would you do that?" The jurors all nodded in the affirmative and returned to the jury room. One hour and nineteen minutes later the jury announced that it had reached a verdict.

The jury found appellant not guilty of possession of cocaine base for sale, but guilty of the lesser included offense of possession of cocaine base. Appellant was also found guilty of transportation of cocaine base. Appellant admitted three prior convictions. Several other prior conviction allegations were stricken.

The trial court sentenced appellant to four years in state prison for the transportation charge and a concurrent term of two years for the possession charge. An additional one-year enhancement was imposed for a prior prison term (Pen. Code, § 667.5, subd. (b)) for a total sentence of five years. Punishment for two other priors was stayed. The court thereafter modified its earlier judgment by staying the sentence on the possession charge pursuant to Penal Code section 654, and by striking the enhancements previously stayed.

## DISCUSSION

1.  *The jury was not coerced into reaching a verdict.*

Penal Code section 1140 provides: "Except as provided by law, the jury cannot be discharged after the cause is submitted to them until they have agreed upon their verdict and rendered it in open court, unless by consent of both parties, entered upon the minutes, or unless, at the expiration of such time as the court may deem proper, it satisfactorily appears that there is no reasonable probability that the jury can agree."

"The determination whether there is reasonable probability of agreement rests in the sound discretion of the trial court. [Citation.] The court must exercise its power, however, without coercion of the jury, so as to avoid displacing the jury's independent judgment 'in favor of considerations of compromise and expediency.'" *People v. Rodriguez* (1986) 42 Cal.3d 730, 775 [230 Cal.Rptr. 667, 726 P.2d 113], quoting *People v. Carter* (1968) 68 Cal.2d 810, 817 [69 Cal.Rptr. 297, 442 P.2d 353]; see also *People v. Miller* (1990) 50 Cal.3d 954, 994 [269 Cal.Rptr. 492, 790 P.2d 1289].)

Appellant contends that the trial court abused its discretion in this case by ignoring the consensus of all jurors that further deliberations would not be productive and "forcing" them to continue deliberating. Such action, he argues, conveyed to the lone dissenting juror as to count 2 that the court expected that person to abandon his or her independent judgment and conform to the majority opinion.

We disagree. The trial court did not "force" the jurors to continue deliberating; it did not even ask them to do so. The judge merely asked the jury to consider whether further instruction on the law would assist them in reaching a verdict. Such an inquiry was entirely within the scope of the court's discretion. A trial court is entitled under Penal Code section 1140 to ascertain whether there is a reasonable probability the deadlock might be broken. (Cf. *People v. Miller, supra,* 50 Cal.3d at pp. 993-994; *People v. Sheldon* (1989) 48 Cal.3d 935, 959 [258 Cal.Rptr. 242, 771 P.2d 1330].) The court made no remarks that could reasonably be interpreted as coercive, nor did it urge the jury to come to an agreement on either of the counts. Furthermore, the jury had been instructed, pursuant to CALJIC No. 17.40, that it was each juror's duty to act individually.[2] (Cf. *People v. Miller, supra,*

---

[2]The jury was instructed according to CALJIC No. 17.40 as follows: "The People and the defendant are entitled to the individual opinion of each juror. Each of you must consider the evidence for the purpose of reaching a verdict, if you can do so. [¶] Each of you must decide

50 Cal.3d at p. 994.) In short, we see no impropriety in the court's management of the impasse in the jury's deliberations.

2. *Appellant was properly convicted of both simple possession and transportation.*

■ Appellant further contends that his possession of cocaine was incidental to the offense of transporting the same contraband, and therefore cannot be used as the basis of a separate conviction. Instead, he argues, the possession count was "necessarily included" within the greater offense of transportation and therefore must be stricken.

In support of this position appellant relies on *People* v. *Rogers* (1971) 5 Cal.3d 129 [95 Cal.Rptr. 601, 486 P.2d 129]. In *Rogers*, the court observed that possession of contraband is not an essential element of transportation, since one may transport contraband that is in the exclusive possession of another. Accordingly, the court held that the defendant's acquittal of possession of marijuana did not necessarily preclude a conviction of transportation of marijuana. In a footnote, however, the court qualified this statement: "In cases where defendant's possession is incidental to, and a necessary part of, the transportation charged, and no prior, different or subsequent possession is shown, the offense of possession is deemed to be necessarily included in the offense of transportation, and defendant may not be convicted of both charges. [Citations.]" (5 Cal.3d at p. 134, fn. 3.)

Here, appellant argues, the possession of the cocaine found in appellant's car was, under the circumstances, a necessary element of the offense of transportation. Appellant points out that "the only contraband involved in the case was the cocaine found between the seat and the backrest where appellant was sitting in the car . . . No evidence was presented as to any different contraband which might have been possessed by appellant either before or subsequently, thus the contraband used to prove transportation was the identical contraband used to prove possession. [¶] Further, the charge of transportation could not have been proven in the absence of that cocaine. Thus it is clear that possession of that specific cocaine was necessary to convict appellant of the charge of transportation."

Appellant's argument finds support in the *Rogers* dictum quoted above as well as in decisions prior to that case. (See, e.g., *People* v. *Francis* (1969) 71 Cal.2d 66 [75 Cal.Rptr. 199, 450 P.2d 591] [under some circumstances

the case for yourself but should do so only after discussing the evidence and the instructions with the other jurors. Do not hesitate to change an opinion if you are convinced it is wrong. [¶] However, do not decide any question in a particular way because a majority of the jurors or any of them favored such a decision."

possession of narcotics may be necessarily included within sale of narcotics]; *People* v. *Richardson* (1970) 6 Cal.App.3d 70, 78 [85 Cal.Rptr. 607] [under the circumstances, possession of heroin was a lesser included offense of transportation]; *People* v. *Johnson* (1970) 5 Cal.App.3d 844, 847 [85 Cal.Rptr. 238] [possession proved was incidental to and a necessary part of transportation, therefore a necessarily included offense]; *People* v. *Mandell* (1949) 90 Cal.App.2d 93, 98 [202 P.2d 348] [absent prior or subsequent possession, possession and transportation may not be treated as separate offenses]; *People* v. *Cole* (1952) 113 Cal.App.2d 253, 257 [248 P.2d 141] [possession of marijuana necessarily included in transportation of marijuana because both charges based on same marijuana fragments].) Were we to follow this line of cases, we would agree with appellant that an offense that is not statutorily included in the definition of a greater offense should nonetheless be deemed "necessarily included" if under the facts of the case the greater offense could not have been committed absent the lesser.

However, the current test of a necessarily included offense directs us to a different result. "An offense is necessarily included within a charged offense 'if under the statutory definition of the charged offense it cannot be committed without committing the lesser offense, or if the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed.' " (*People* v. *Toro* (1989) 47 Cal.3d 966, 972 [254 Cal.Rptr. 811, 766 P.2d 577] [battery with serious bodily injury is not a lesser included offense of attempted murder], quoting *People* v. *Geiger* (1984) 35 Cal.3d 510, 517, fn. 4 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055]; see also *In re Alberto S.* (1991) 226 Cal.App.3d 1459 [277 Cal.Rptr. 475] [sexual battery not a lesser included offense of rape].)

In the present case appellant does not attempt to argue that his possession of cocaine meets either condition of this test. By definition possession is not an essential element of transportation because the latter offense can be committed without also committing possession. (*People* v. *Rogers, supra,* 5 Cal.3d at p. 134.) Nor does appellant suggest the language of the information creates a necessarily included offense, since it does not describe the alleged transportation in such a way that if transportation was committed as specified, the possession necessarily was also committed.[3]

Instead, appellant seeks an expansion of the "necessarily included" definition to encompass cases in which the *facts* make it impossible to commit

---

[3]The information accused appellant in count 1 of possession of cocaine for sale (Health & Saf. Code, § 11351.5), "in that on or about the 17th day of December, 1989, . . . the said defendant(s) did possess for sale a controlled substance, to wit: cocaine base." Count 2 of the information charged a violation of Health and Safety Code section 11352, "in that on or about the 17th day of December, 1989, . . . the said defendant(s) did TRANSPORT a controlled substance, to wit: COCAINE."

one offense without also committing another. Our Supreme Court, however, has previously expressed its reluctance to enlarge the meaning of the term (see *People* v. *Pearson* (1986) 42 Cal.3d 351, 356, fn. 2 [228 Cal.Rptr. 509, 721 P.2d 595]), and we see no reason to do so here. Accordingly, in considering whether one offense is necessarily included in another for purposes of striking the conviction on the lesser offense, we believe our inquiry must be confined to a comparison of the statutory elements and charging allegations of each crime according to the current test articulated in *Toro*.

This conclusion is consistent with our earlier reasoning in *People* v. *Superior Court* (*Himmelsbach*) (1986) 186 Cal.App.3d 524 [230 Cal.Rptr. 890]. There we observed that none of the charged offenses was necessarily included in any other according to their *statutory* definitions, but could be regarded as necessarily included "factually speaking." (*Id.* at p. 535, fn. 7.) In view of the "obscure" (*ibid.*) rationale for the rule barring conviction of necessarily included offenses and the Supreme Court's reluctance in *Pearson* to expand the definition of the term, this court declined to recognize "factually" included offenses as "necessarily" included for purposes of determining whether to strike the conviction on a lesser offense.

In *People* v. *Lofink* (1988) 206 Cal.App.3d 161 [253 Cal.Rptr. 384], the court reached a similar result in the context of specifically included offenses. There the defendant, relying on *People* v. *Greer* (1947) 30 Cal.2d 589 [184 P.2d 512], argued that specifically included offenses were analogous to necessarily included offenses and therefore could not give rise to multiple convictions. The court explained its contrary holding: "First, *Pearson* is our high court's most recent pronouncement on the subject and is considerably more current than the 1947 decision in *Greer*. Second, *Pearson* teaches that the focus in multiple conviction cases, such as this one, should be in protecting the defendant from unwarranted multiple punishment. (See *Pearson, supra,* 42 Cal.3d at pp. 359-363.)" (*People* v. *Lofink, supra,* 206 Cal.App.3d at p. 168.) The court further pointed out that "allowing the multiple convictions to stand does not result in multiple punishment," (*ibid.*) since Penal Code section 654 prohibits multiple punishment for the same act or omission.

This reasoning is applicable in the instant case. Appellant was found guilty of two offenses, possession of cocaine base and transportation of cocaine base, arising out of the same act of carrying the contraband in an automobile in his possession. The appropriate procedure was not to invalidate the conviction of the lesser offense, but " 'to eliminate the effect of the judgment as to the lesser offense insofar as the penalty alone is concerned.' " (*People* v. *Pearson, supra,* 42 Cal.3d at pp. 359-360, quoting *People* v.

*McFarland* (1962) 58 Cal.2d 748, 762-763 [26 Cal.Rptr. 473, 376 P.2d 449].) Here the trial court properly eliminated the punitive consequences of the double conviction by staying execution of the sentence on the simple possession count. There was no error in allowing both convictions to stand.

## DISPOSITION

The judgment is affirmed.

Premo, Acting P. J., and Cottle, J., concurred.