[No. E008121. Fourth Dist. Div. Two. Sept. 26, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
JUANITA LYN WATTERSON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Parts I, II, III, V and VI are not ordered published as they do not meet the standards for publication contained in rule 976(b) of the California Rules of Court.

## COUNSEL

Linda Casey Mackey, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Pat Zaharopoulos and Sara Gros-Cloren, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HOLLENHORST, Acting P. J.**—Defendant was tried and convicted of conspiracy to transport and possess cocaine for purposes of sale in violation

of Penal Code section 182, subdivision 1 (now Pen. Code, § 182, subd. (a)(1) (count I)), possession of cocaine for sale in violation of Health and Safety Code section 11351 (count II) and transportation of cocaine in violation of Health and Safety Code section 11352 (count III). Additionally the jury found true a special allegation that the amount of cocaine possessed for sale was 28.5 grams or more, making defendant presumptively ineligible for probation within the meaning of Penal Code section 1203.073. Sentences on counts I and II were stayed pursuant to Penal Code section 654. Defendant was sentenced to one-third the middle term for count III which term was to run consecutive to a six-year term imposed in Mono County Superior Court for violations of Penal Code sections 245, subdivision (a)(1) and 12022.7.

On appeal, defendant contends that (1) the jury was improperly instructed regarding overt acts necessary for the conspiracy charge; (2) the jury was improperly instructed regarding her liability for offenses committed by co-conspirators; (3) the jury was improperly instructed on the elements of the transportation offense; (4) the jury was improperly instructed that the possession for sale was a general intent crime; (5) she was improperly convicted of both the transportation offense and the possession for sale offense; (6) the prosecutor committed misconduct in "vouching" for the prosecution witness; and (7) the court failed to state reasons for imposing a consecutive sentence. We find no prejudicial error and therefore affirm.

I-III*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

IV

MULTIPLE CONVICTIONS

■    Defendant contends that she cannot be *convicted* of both possession of cocaine for sale and transportation of cocaine when the possession is incidental to or a necessary part of the transportation.[12] She relies on *People v. Rogers* (1971) 5 Cal.3d 129 [95 Cal.Rptr. 601, 486 P.2d 129]. In *Rogers*

---

*See footnote, *ante,* page 942.

[12]Juan Apodaca and Froylan German were arrested in Bishop, California after the police discovered approximately 45 grams of cocaine during a consensual search of the vehicle Apodaca was driving. Defendant, who was not present in the vehicle, was charged and convicted of conspiracy to possess cocaine for sale and to transport cocaine (Pen. Code, § 182, subd. 1), possession of cocaine for sale (Health & Saf. Code, § 11351) and transportation of cocaine (Health & Saf. Code, § 11352) based on Apodaca and German's possession and transportation of the narcotics.

the court held that an acquittal on the charge of possession of narcotics did not preclude a conviction for transportation of narcotics. In reaching this conclusion, the court stated that while "possession is commonly a circumstance tending to prove transportation, it is not an essential element of that offense and one may 'transport' marijuana or other drugs even though they are in the exclusive possession of another." (*Id.*, at p. 134.)

Defendant relies on a footnote in *Rogers* where the court observed: "In cases where defendant's possession is incidental to, and a necessary part of, the transportation charged, and no prior, different or subsequent possession is shown, the offense of possession is deemed to be necessarily included in the offense of transportation, and defendant may not be *convicted* of both charges." (5 Cal.3d at p. 134, fn. 3, italics added.) As we explain, we do not believe this footnote compels the conclusion that multiple convictions are precluded.

First we note that this footnote is dicta as it was unnecessary to resolution of the issue before the court. Further, the cases cited by the court in support of its conclusion that multiple convictions are precluded are themselves inconsistent. The court in *Rogers* cited the cases of *People v. Solo* (1970) 8 Cal.App.3d 201, 206 [86 Cal.Rptr. 829],[13] *People v. Richardson* (1970) 6 Cal.App.3d 70, 78 [85 Cal.Rptr. 607] and *People v. Johnson* (1970) 5 Cal.App.3d 844, 847 [85 Cal.Rptr. 238]. While the courts in *Richardson* and *Johnson* did hold that a defendant cannot be *convicted* of both possession and transportation, the court in *Solo* held simply that Penal Code section 654 precluded multiple *punishment*. Further although the court in *Richardson* held that multiple convictions were precluded, it expressed some uncertainty as to whether multiple convictions were precluded or whether the concern was one of multiple punishment. (*People v. Richardson, supra*, 6 Cal.App.3d 70, 78.)

We also note that the cases cited by the courts in both *Richardson* and *Johnson* for the proposition that multiple convictions are precluded under these facts do not unanimously support this conclusion. Both in *Richardson* and *Johnson*, for example, the courts relied on *People v. Roberts* (1953) 40 Cal.2d 483 [254 P.2d 501]. *Roberts* held that " 'co-operative acts *constituting but one offense* when committed by the same person at the same time, when combined, charge but one crime and but one punishment can be inflicted.' " (*Id.*, at p. 491, italics added, quoting *People v. Clemett* (1929) 208 Cal. 142, 144 [280 P. 681] and also citing *People v. Knowles* (1950) 35 Cal.2d 175, 187 [217 P.2d 1].) At the time *Roberts* was decided, possession and

---

[13]*Solo* was disapproved in *Rogers* to the extent it held that possession is a necessary element to the offense of transportation. (*People v. Rogers, supra*, 5 Cal.3d 129, 134, fn. 4.)

transportation were punishable under the same statute and were not defined as separate offenses. Thus the reason the *Roberts* court held that a defendant could not be convicted of both possession and transportation was not because one offense was necessarily included in the other offense but rather because under the statute there was but one offense.

Going back even further, the cases cited by the court in *Roberts* also involved different issues. *People* v. *Clemett, supra*, 208 Cal. 142, like *Roberts*, also involved a statute which listed a number of acts any one of which would constitute the same offense. The court held that the individual acts could not be separated and charged as separate offenses. Thus *Clemett* is certainly consistent with *Roberts* but neither of those cases directly apply because here the offense of possession for sale is a separately defined offense from transportation of cocaine.

The other case cited by the *Roberts* court, *People* v. *Knowles, supra*, 35 Cal.2d 175, is of some assistance as that case did involve separate offenses. Interestingly, however, the court in *Knowles* did not hold that multiple convictions were precluded but rather that Penal Code section 654 precluded multiple punishment. (*Id.*, at p. 187.)

As evident, the distinction between multiple convictions and multiple punishments has often been blurred. Accordingly, because the court's statement in *People* v. *Rogers, supra*, 5 Cal.3d 129, was dicta and because the cases it cites are themselves inconsistent, we choose not to rely on the court's comment and look instead to the Supreme Court's more recent discussion of the rule against multiple convictions.

In *People* v. *Pearson* (1986) 42 Cal.3d 351 [228 Cal.Rptr. 509, 721 P.2d 595], the court had occasion to consider the rule against multiple convictions and set forth tests to be used to determine whether such convictions are precluded. While noting that the origin of the rule is unclear, the court first nonetheless reaffirmed the rule that multiple *convictions* are precluded when one offense is necessarily included in another offense. (*Id.*, at p. 355.) Further the test for determining whether one offense is necessarily included in the other so as to preclude multiple convictions is " 'simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.' " (*Ibid.*) Thus the court held that while grand theft is a necessarily included offense of robbery because robbery cannot be committed without also necessarily committing theft, the offense of lewd conduct is not necessarily included in the offense

of sodomy because one can commit sodomy without having the specific intent required for the offense of committing lewd conduct.

Applying this test to the present facts, we conclude that possession of narcotics for sale is not necessarily included in the offense of transportation of narcotics. As noted by the court in *People v. Rogers, supra*, 5 Cal.3d 129, while possession of a controlled substance is often a circumstance tending to prove transportation, possession is not an essential element of the offense of transportation of narcotics. One can transport drugs without necessarily being in possession of the drugs. The offense of transportation thus can be committed without necessarily committing the offense of possession. Accordingly, under the test set forth in *People v. Pearson, supra*, 42 Cal.3d 351, defendant was properly convicted of both transportation of cocaine and possession of cocaine for sale.[14, 15]

V, VI*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[14]As the trial court correctly noted, however, Penal Code section 654 precluded sentencing on all three counts. The trial court was correct in staying the sentence on counts I and II.

[15]The Sixth District recently came to the same conclusion in the case of *People v. Thomas* (1991) 231 Cal.App.3d 299 [282 Cal.Rptr. 258]. Its reasoning is a little different and, in our opinion, creates further problems. In *Thomas*, defendant was stopped for a traffic violation and, in the course of a consensual search of the car, the officer discovered 21 "rocks" of cocaine base. Defendant was charged with possession of *cocaine base* for sale (Health & Saf. Code, § 11351.1) and transportation of *cocaine*. Relying on the same dicta in *People v. Rogers, supra*, 5 Cal.3d 129, defendant contended he could not be convicted of both possession and transportation. The Sixth District, relying on *People v. Toro* (1989) 47 Cal.3d 966, 972 [254 Cal.Rptr. 811, 766 P.2d 577] and *People v. Geiger* (1984) 35 Cal.3d 510, 517, fn. 4 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055], concluded that the multiple convictions were proper because possession was not necessarily included in the offense of transportation as statutorily defined *or as charged in the information.* The problem with the reasoning in *Thomas* is that neither *Toro* nor *Geiger* involved multiple convictions. The issue in those cases was whether due process was violated when the defendant was convicted of a lesser related offense *instead* of the greater offense charged. Applying due process principles, the courts in *Toro* and *Geiger* held in essence that a defendant cannot be convicted of a lesser offense except when the lesser offense is necessarily included in the greater offense as statutorily defined or when the charging allegations in the accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed. In either of those situations, due process is not violated because defendant has received proper notice. Thus the issue in those cases was whether the defendant had notice that he might be convicted of the lesser offense and not whether he can be convicted of more than one offense. By relying on *Toro* and *Geiger*, the court in *Thomas* has erroneously enlarged the definition of necessarily included offenses for purposes of multiple convictions. This is contrary to *People v. Pearson, supra*, 42 Cal.3d 351 which held that for purposes of multiple convictions, necessarily included offenses refers only to those offenses which by *statutory* definition are necessarily committed when the greater offense is committed.

*See footnote, *ante*, page 942.

# VII

## DISPOSITION

Judgment affirmed.

McKinster, J., and McDaniel, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied January 8, 1992. Mosk, J., was of the opinion that the petition should be granted.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.