Filed 10/31/14  P. v. Johnson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073888 |
| v. | (Super. Ct. No. CRF12410) |
| HEIDI RENEE JOHNSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Heidi Renee Johnson asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant pleaded no contest to transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)),[1] with a stipulation

---

[1] Undesignated statutory references are to the Health and Safety Code.

1

from the People that the transportation was not for the purpose of sale. After defendant's conviction and sentencing, but while her case was pending on appeal, the Legislature amended section 11379 to provide that "transports" means to transport for sale. (Stats. 2013, ch. 504, § 2.) We directed the parties to submit supplemental letter briefs addressing the impact of that amendment on the proper disposition of this case. The parties agree that defendant is entitled to the benefit of the amendment and that defendant's conviction for transportation of a controlled substance must be reversed.

Based on our review of the entire record and the supplemental briefs submitted by the parties, we agree that defendant's conviction and sentence for transportation of a controlled substance must be reversed. We will remand the matter for further proceedings consistent with applicable law.

BACKGROUND

Because the matter was resolved by plea, our statement of facts is taken from the probation officer's report. In April 2012, a Marysville police officer saw Brandi Nicole Davis driving a car. The officer knew Davis was an unlicensed driver and conducted a traffic stop.

The officer observed defendant, a passenger in the car, moving her body in a manner consistent with concealing an object on her person. Defendant told the officer she was on summary probation with a search clause. A search yielded 13.11 grams of methamphetamine and a glass pipe with burn marks. In an interview, defendant claimed the methamphetamine belonged to Davis, who had coerced her into hiding it, but she admitted the glass pipe belonged to her.

A complaint charged defendant with transportation of a controlled substance (§ 11379, subd. (a) -- count 1), possession of a controlled substance for sale (§ 11378 -- count 2), and possession of an instrument or paraphernalia for injecting or smoking a

2

controlled substance (§ 11364.1, subd. (a) -- count 3).[2]  Defendant pleaded no contest to the count 1 charge of transportation of a controlled substance in exchange for a grant of Proposition 36 probation and dismissal of counts 2 and 3.  In stating the factual basis for the plea, the prosecutor stipulated that the transportation was not for the purpose of sale.

The trial court suspended imposition of sentence, placed defendant on Proposition 36 probation for three years, and ordered her to complete a six-month residential treatment program.  In addition, the trial court ordered defendant to pay a $240 restitution fine (Pen. Code, § 1202.4) plus installment fee, a $240 probation revocation fine (Pen. Code, § 1202.44), a $200 laboratory analysis fee (§ 11372.5, subd. (a)) including penalty assessments, a $40 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)), a $30 court facilities assessment (Gov. Code, § 70373), plus drug testing and probation service fees.

Defendant entered a residential treatment program on April 11, 2013.  Defendant subsequently admitted violating her Proposition 36 probation by leaving the residential treatment program without permission, resulting in her discharge from the program.  She opted out of further Proposition 36 treatment and the matter was referred for a presentence report.

The trial court sentenced defendant to the middle term of three years, to be served in county jail, and awarded her 48 days of custody credit and 44 days of conduct credit.  The trial court also confirmed the previously imposed fines and fees, ordered execution of the probation revocation fine, and subsequently denied defendant's requests for a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable

---

[2]  Davis was a codefendant in the trial court, but she is not a party to this appeal.

issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Based on our review of the entire record and the supplemental briefs submitted by the parties, we conclude that defendant's conviction and sentence for transportation of a controlled substance must be reversed.

At the time of defendant's conviction, section 11379, subdivision (a) provided, among other things, that every person who transports any controlled substance unless upon the prescription of a physician shall be punished by imprisonment for a period of two, three, or four years. Nothing in section 11379 specified any required intent. Case law construed the statute to cover any transportation of a controlled substance with knowledge of its presence and illegal character, regardless of whether the defendant intended to sell the drug. (*People v. Emmal* (1998) 68 Cal.App.4th 1313, 1317; *People v. Eastman* (1993) 13 Cal.App.4th 668, 676-677.)

After defendant's conviction and sentencing, but while her case was pending on appeal, the Legislature amended section 11379 by adding, among other things, subdivision (c), which provides: "For purposes of this section, 'transports' means to transport for sale." (Stats. 2013, ch. 504, § 2.)

"When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*).)

Under *Estrada*, the amendment to section 11379 applies to this case. Defendant's conviction for transportation cannot stand because the parties stipulated that defendant lacked the now requisite intent to sell. Because the evidence showed only a single episode of possession, the stipulation would also preclude further proceedings on the count 2 charge of possession of methamphetamine for sale. But the stipulation and the evidence would not preclude further proceedings on the count 2 lesser included offense of simple possession of methamphetamine.

Where an amendment to a statute under which a defendant was convicted applies retroactively to her benefit under *Estrada* and requires reversal of her conviction, but the evidence suggests that she could properly be convicted of a lesser offense that is not necessarily included within the originally charged offense, the People are entitled to decide whether they wish to try her on the lesser offense. To set her free simply because the original conviction is legally unsustainable would constitute a windfall, and double jeopardy does not bar retrial on a lesser offense that was not necessarily included in the originally charged offense. (Pen. Code, § 1023 [double jeopardy applies only to *necessarily included* lesser offenses]; *People v. Scott* (2000) 83 Cal.App.4th 784, 794-797 [for double jeopardy purposes, the statutory elements test, not the accusatory pleading test, determines whether an offense is included]; see *People v. Watterson* (1991) 234 Cal.App.3d 942, 947 [possession is not a lesser included offense of transportation under the elements test].)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

Defendant's conviction and sentence for transportation of a controlled substance are reversed and the matter is remanded to the trial court for further proceedings. If the

5

People elect to recharge defendant, the trial court shall proceed accordingly.  If the People decline to recharge, the trial court shall dismiss the case.


                                              _____ MAURO _____, Acting P. J.


We concur:


_____ MURRAY _____, J.


_____ HOCH _____, J.