Filed 11/23/15  P. v. Staggs CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES ARTHUR STAGGS,<br><br>    Defendant and Appellant. | C077421<br><br>(Super. Ct. Nos. MC RD CRF 120000F793, MC RD CRF 130004810) |

Defendant James Arthur Staggs appeals his 2014 conviction resulting from his 2012 plea and 2014 imposition of sentence following the trial court's revocation of his probation in the 2012 case.  As we will explain, although he purports to appeal only his 2014 *sentence*, his argument is that the *conduct* to which he pleaded guilty in 2012-- transportation of methamphetamine, in violation of Health and Safety Code section

1

11379, subdivision (a)--is no longer a crime.[1]  This is because he did not admit transporting methamphetamine *for sale*, which is now a required element of felony transporting, as we explain *post*.[2]  Because the basis of defendant's argument that his felony sentence is unauthorized is that he pled to elements which no longer constitute a felony, his appeal required a certificate of probable cause.  (Pen. Code, § 1237.5.)  Because he did not obtain one, we will dismiss the appeal without prejudice to defendant to file a petition for habeas corpus in the trial court.

## BACKGROUND

*2012 case*

In February 2012, officers arrested defendant on a parole warrant.  Upon searching the trunk of the car he was driving, officers found marijuana, methamphetamine, syringes, and digital scales.  A complaint charged defendant with transportation of a methamphetamine (§ 11379, subd. (a)), possession for sale of methamphetamine (§ 11378), and misdemeanor marijuana possession (§ 11357, subd. (c)).  The complaint also alleged defendant had served three prior prison terms.  (Pen. Code, § 667.5, subd. (b).)  Defendant pleaded guilty to transportation of methamphetamine (§ 11379, subd. (a)) and admitted a prior prison term enhancement allegation.  Pursuant to the plea agreement, the trial court suspended imposition of sentence and placed defendant on three years of probation.  The court dismissed the remaining charges and allegations.

---

[1]  Further undesignated statutory references are to the Health and Safety Code.

[2]  Defendant actually makes the incorrect argument that the conduct he pled to as a felony is now misdemeanor "simple transportation."  However, as we explain *post*, the relevant amendments to section 11379 did not add a misdemeanor transportation charge.  Accordingly, we construe defendant's argument to be that the conduct he pled to as a felony (in 2012) is no longer a crime; therefore he should not have received a felony sentence (in 2014) for that conduct.

2

*2013 case*

In July 2013, a Redding police officer attempted to stop the car defendant was in; defendant got out of the car and fled on foot. The officer chased defendant and defendant fired a gun at the officer. Defendant pleaded no contest to assault with a firearm on a peace officer (Pen. Code, § 245, subd. (d)(1)) and admitted he had personally discharged a firearm in the commission of the offense (Pen. Code, § 12022.53, subd. (c)). Defendant also admitted a violation of probation in the 2012 case. The trial court sentenced defendant to the stipulated term of 24 years in prison in the 2013 case, and three years concurrent in the 2012 case. Defendant timely appealed, but did not secure a certificate of probable cause.

## DISCUSSION

Defendant's sole articulated contention on appeal is that his sentence for transportation of methamphetamine is an unauthorized sentence "because the plea was to simple transportation, not to transportation for sale." Pointing out that he "did not admit that the transportation was for purposes of sale," he claims the "prosecution thus failed to plead and prove an element of the felony offense." He asks that we "vacate the judgment and remand for further proceedings."

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea *that do not affect the plea's validity*. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b)(1).) Our Supreme Court has made it clear that we should strictly apply this rule. "In enacting [Penal Code] section 1237.5, the Legislature evidently sought to promote judicial economy in the appellate system as a whole, for it established a mechanism that did not invite consideration of the peculiar facts of the individual appeal. The provision lays down a 'condition precedent' to the taking of an appeal within its scope. [Citation.] It is a general 'legislative command' to defendants. [Citation.] It is not an authorization for 'ad

3

hoc dispensations' from such a command by courts. [Citation.] Indeed, it effectively precludes dispensations of this sort, which are 'squarely contrary' to its terms. [Citations.] In adopting what is now rule [8.304(b)(1)] . . . , to implement the provision, the Judicial Council also evidently sought to promote judicial economy in the appellate system as a whole, for it refined the mechanism that the Legislature established." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098.)

Thus we decline to overlook this fatal procedural deficiency and merely treat defendant's appeal as a petition for writ of habeas corpus, as the Attorney General suggests. We instead look to the substance of defendant's challenge, and determine whether it is indeed a challenge to the validity of his plea. We conclude that it is.

"In determining whether [Penal Code] section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty or no contest, courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of [Penal Code] section 1237.5. [Citation.]" (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.) At the time of defendant's plea, section 11379, subdivision (a) provided that, with exceptions inapplicable here, "every person who transports . . . any controlled substance . . . unless upon the prescription of a physician . . . shall be punished by imprisonment . . . for a period of two, three, or four years." Section 11379 did not specify any required intent, and courts had not interpreted the statute to require intent to sell. (See *People v. Emmal* (1998) 68 Cal.App.4th 1313, 1317; *People v. Eastman* (1993) 13 Cal.App.4th 668, 676-677.) Effective January 1, 2014, section 11379 was amended to add subdivision (c), which states, "For purposes of this section, 'transports' means to transport for sale."

4

Thus no misdemeanor provision was added; rather, an element was added to the requirements of proving a violation of this felony provision. Nor is possession of methamphetamine a lesser included offense of transporting methamphetamine under the elements test. (*People v. Watterson* (1991) 234 Cal.App.3d 942, 947.) The original complaint did not allege simple possession, so possession may not be deemed a lesser included offense of transportation here under the pleadings test. (See *People v. Lopez* (1998) 19 Cal.4th 282, 288-289.)

The parties agree that defendant is entitled to benefit retroactively from the changes to section 11379 as his judgment was not final at the time the amendments to section 11379 took effect. We agree. (See *In re Estrada* (1965) 63 Cal.2d 740, 744, 748; *People v. Vinson* (2011) 193 Cal.App.4th 1190, 1197-1199.) However, as we have described at length *ante*, because his conviction was not transformed from a felony to a misdemeanor by the amendment, which would lend support to his characterization of his argument as challenging his felony *sentence*, it becomes clear that defendant's challenge is to the *plea itself*. Accordingly, his appeal requires a certificate of probable cause and we must dismiss it. (Pen. Code, § 1237.5; *People v. Panizzon, supra*, 13 Cal.4th at pp. 89-90; *People v. Johnson* (2009) 47 Cal.4th 668, 678-685.)

## DISPOSITION

The appeal is dismissed without prejudice to filing a petition for habeas corpus in the trial court.

/s/
Duarte, J.

We concur:

/s/
Raye, P. J.

/s/
Blease, J.

5