Filed 3/3/16  P. v. Martin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C079101 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR88411) |
| v. | |
| KEVIN DALE MARTIN, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We modify the sentence to comport with Penal Code section 654 and otherwise affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 18, 2013, defendant Kevin Dale Martin was riding his bicycle at night without lights.  An officer stopped him and determined he was on postrelease community supervision and subject to a search condition.  Defendant had a bag that

1

contained four small individual baggies, each containing methamphetamine. The total gross weight was 5.4 grams. Defendant told police he bought the methamphetamine for $50.

The People later charged defendant with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a))[1] and possession of methamphetamine for sale (§ 11378). The People further alleged defendant served six prior prison terms pursuant to Penal Code section 667.5, subdivision (b), and was four times previously convicted of crimes related to controlled substances trafficking (§ 11370.2, subd. (c)).

Defendant pleaded guilty to both charges and admitted the four prior controlled substance trafficking convictions. In exchange for his plea, the People agreed they would move to dismiss the prior prison term allegations and that defendant could participate in Tehama County's felony drug court program, serving up to one year in county jail. The People also agreed if defendant were found ineligible for drug court, he would be allowed to withdraw his plea. Defendant acknowledged the maximum possible sentence for his convictions, including the enhancement allegations, was 16 years.

The probation department found defendant eligible for the drug court program. Accordingly, the trial court placed defendant on formal probation for three years, gave him credit for time served, and directed that defendant would serve 90 days in the county jail for any violation of probation or the felony drug court rules.

On April 3, 2014, defendant tested positive for methamphetamine and self-disclosed he had consumed alcohol. He was remanded for seven days. On May 6, 2014, defendant tested positive for methamphetamine and was remanded for 15 days. Defendant tested positive for methamphetamine a third time on May 22, 2014. He was arrested and booked into the county jail for 30 days. After he was released from custody,

---

[1] Undesignated statutory references are to the Health and Safety Code at the time of the charged offenses.

defendant failed to report to probation or drug and alcohol services. On June 9, 2014, defendant failed to appear in court for adult felon drug court review and a warrant was issued for his arrest.

On June 18, 2014, the probation department filed a petition to revoke defendant's probation. The department filed an amended petition the following day, alleging defendant violated four probation conditions: testing positive for methamphetamine, failing to report to the probation officer upon his release from confinement, failing to attend treatment with the drug and alcohol program, and failing to appear in court for his drug court review hearings.

Defendant's whereabouts were unknown until October 29, 2014, when he was arrested. He was released from custody with a promise to appear, but on December 4, 2014, defendant failed to appear in court and the trial court issued a bench warrant. Defendant was arrested again on January 3, 2015. On February 23, 2015, defendant admitted the probation violations.

Prior to sentencing, defendant made a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, to replace his appointed counsel. Defendant raised numerous claims that counsel was ineffective, counsel forced him to sign a plea agreement, and counsel failed to communicate with him. The court denied defendant's motion.

At sentencing, the trial court denied defendant's request to be reinstated to felony drug court and denied defendant probation. The trial court sentenced defendant to an aggregate term of 15 years in county jail calculated as follows: the midterm of three years on count one, transporting a controlled substance, and three years for each of the four prior controlled substance trafficking convictions. The court also suspended four years of the aggregate term, during which time defendant would be subject to mandatory supervision. The trial court awarded defendant 353 days of custody credit, reinstated the fines and fees as originally ordered, and lifted the stay on the Penal Code section 1202.44 fine. As for the sentence on count two, possession of a controlled substance for sale, the

3

trial court initially forgot to sentence defendant. When the case was called again to correct this error, all the court said was, "Count 2 is -- which is the 11378, arose at the same time and of the same occurrence and we'll 654 that." The court did not impose and stay execution of any sentence on count two.

Defendant appeals without a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief raising numerous claims of error. His claims lack merit.

### A. Case No. 90508

Defendant raises numerous concerns about case No. "NCR 90508," including a claim that he "take a deal" under case No. NCR 90508 but his attorney appealed case No. NCR88411. Any claim regarding case No. NCR 90508 is not properly before this court. It is not the case from which defendant appealed. More importantly, the trial court dismissed case No. NCR 90508 so, as far as we can tell from the record before us, that matter is closed. For that reason, defendant's request to augment the record with documents related to case No. NCR 90508 (none of which he provided with his request) is denied.

### B. Ineffective Assistance of Counsel

Defendant claims he received ineffective assistance of counsel in the trial court. Among other things, defendant claims he was mislead by counsel during plea negotiations, that counsel did not look out for defendant's best interests, and counsel

4

failed "to calculate correctly the maximum potential sentence befor[e] permitting a defendant to enter a plea . . . ."

A certificate of probable cause is required when defendant asserts his plea resulted from ineffective assistance of counsel (*People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245), his plea "was induced by misrepresentations of a fundamental nature" (*People v. Panizzon* (1996) 13 Cal.4th 68, 76), "warnings regarding the effect of a guilty [or nolo contendere] plea . . . were inadequate" (*ibid.*), and to the extent he questions " 'the very sentence he negotiated as part of the plea bargain' " (*People v. Cuevas* (2008) 44 Cal.4th 374, 382). Because defendant did not obtain a certificate of probable cause, these claims are not properly before this court on appeal.

### C.  Reducing Felony Transportation Conviction to a Misdemeanor

Defendant further contends his felony conviction for transportation of methamphetamine should be reduced to a misdemeanor because the People failed to plead and prove that he was transporting the methamphetamine for purposes of sale. We disagree.

At the time of defendant's conviction, section 11379, subdivision (a), provided, among other things, that every person who transports any controlled substance unless upon the prescription of a physician shall be punished by imprisonment for a period of two, three, or four years. Nothing in section 11379 specified any required intent to sell. Case law construed the statute to cover any transportation of a controlled substance with knowledge of its presence and illegal character, regardless of whether the defendant intended to sell the drug. (*People v. Emmal* (1998) 68 Cal.App.4th 1313, 1317; *People v. Eastman* (1993) 13 Cal.App.4th 668, 676-677.)

While defendant's case was pending in the trial court, the Legislature amended section 11379 by adding, among other things, subdivision (c), which provides: "For purposes of this section, 'transports' means to transport for sale." (Stats. 2013, ch. 504, § 2.)

5

"When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act.  It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply.  The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final."  (*In re Estrada* (1965) 63 Cal.2d 740, 745.)

Despite *Estrada*, however, the amendment to section 11379 does not apply to this case.  Defendant's conviction for transporting methamphetamine may stand because defendant pled guilty to both transportation of methamphetamine and possession of methamphetamine for sale.  The trial court stated that those crimes arose at the same time and from the same occurrence.  Thus, under these circumstances, the record establishes defendant had the requisite intent to sell the same methamphetamine he was transporting.  As a consequence, defendant is not entitled to a reduction of his felony conviction for transportation to a misdemeanor.

### D.  Double Jeopardy

Defendant claims his plea to both transportation of methamphetamine and possession of methamphetamine for sale violate the prohibition against double jeopardy. Defendant is wrong.

A defendant can be found guilty of transporting a controlled substance without possessing it.  (*People v. Rogers* (1971) 5 Cal.3d 129, 134.)  Thus, possession of a controlled substance is not a lesser included offense of transportation of the controlled substance, and a defendant may properly be convicted of both.  (*People v. Watterson* (1991) 234 Cal.App.3d 942, 944-947.)

6

## E. Penal Code Section 654

As we have noted, the trial court initially forgot to sentence defendant on count two, possession of a controlled substance for sale. When it did sentence defendant, all the court said was, "Count 2 is -- which is the 11378, arose at the same time and of the same occurrence and we'll 654 that." Thus, the record is clear that the trial court failed to impose and stay a sentence on count two.

The trial court must impose a sentence on any count subject to Penal Code section 654 and then stay execution of the sentence on that count. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1469-1472.) "[O]therwise if the nonstayed sentence is vacated, either on appeal or in a collateral attack on the judgment, no valid sentence will remain." (*Id*. at p. 1469.) Because the trial court imposed an unauthorized sentence, we could remand for a new sentencing hearing, but "[t]he futility and expense of such a course militates against it." (*Id*. at p. 1473.) Instead, we impose a midterm sentence of two years for possession of a controlled substance for sale, because that is undoubtedly the sentence the trial court would have imposed given that the possession for sale involved the same drugs defendant transported and the trial court sentenced defendant to the midterm on the transportation count. (*Ibid*.)

## F. Conclusion

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

We modify the judgment to impose the midterm sentence of two years on count two, possession of a controlled substance for sale, and order that execution of that sentence be stayed pursuant to Penal Code section 654. We direct the trial court to prepare an amended abstract reflecting the imposition of this sentence and the stay pursuant to Penal Code section 654. The trial court is further directed to forward a certified copy of the amended abstract to the California Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

                                       MURRAY , J.

We concur:


ROBIE , Acting P. J.


DUARTE , J.

8