Filed 6/1/16  P. v. Winkle CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JERRY WINKLE, <br><br> Defendant and Appellant. | F069715 <br><br> (Super. Ct. No. BF149265B) <br><br><br> **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Eric Bradshaw and Colette M. Humphrey, Judges.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Kevin L. Quade, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Poochigian, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

Defendant Jerry Winkle appeals from his convictions for unlawful sale or giving away of methamphetamine (Health & Saf. Code,[1] § 11379, subd. (a), count 1) and possession of methamphetamine for sale (§ 11378, count 2).  Defendant contends his conviction for count 2 is a lesser included offense of count 1 and should be vacated.  Defendant acknowledges that rulings from the California Supreme Court are contrary to his position, but seeks to preserve the issue for review by higher courts.  We find no error and affirm the judgment.

## PROCEEDINGS

On October 15, 2013, an information was filed alleging defendant and his codefendant Rodney Lancaster sold or offered to give away methamphetamine (§ 11379, subd. (a)) and possessed methamphetamine for sale (§ 11378).  At the conclusion of a jury trial on May 21, 2014, defendant and Lancaster were found guilty of both counts.  On June 18, 2014, the trial court placed defendant on probation upon various terms and conditions, including that he spend a year in county jail.  Defendant was awarded total custody credits of 92 days and ordered to pay various fines, fees, and penalties, including a restitution fine of $280.

## FACTS

Deputy Logan August and Sergeant William Starr with the Kern County Sheriff's Department were working undercover attempting to purchase narcotics on June 25, 2013.  August saw defendant standing in front of a residence on Hickerson Drive, drove his van up to the sidewalk, and greeted defendant.  Defendant approached the van.  A sheet hanging behind the front seats concealed other deputies in the rear of the van.

August told defendant he wanted to purchase methamphetamine.  Defendant replied he could help.  Defendant asked for, and August gave him, his cell phone number.  Defendant said he would call August when he obtained the methamphetamine.  August

---

[1]Unless otherwise designated, all statutory references are to the Health and Safety Code.

2.

told defendant he had $100 to buy methamphetamine. August and Starr drove away from the area.

Defendant called August about 15 minutes later. August recognized defendant's voice on the phone. Defendant said he had the methamphetamine and told August to return. August and Starr returned about 10 to 15 minutes later to the residence where they found defendant. Defendant was outside accompanied by Lancaster. The two walked over to the passenger window of the van. Starr was in the passenger seat. Lancaster told August he would walk down the street and obtain the methamphetamine if August gave him $100. August replied he did not feel comfortable giving Lancaster $100 because August did not know him. He told Lancaster to call him when he had the methamphetamine and August would return. August and Starr left the area.

After 45 minutes, August received a call from defendant saying he had the methamphetamine. August and Starr returned to the residence. Again, there were deputies in the van behind the partition. Lancaster and defendant approached the passenger side window, said they had the methamphetamine, and defendant walked north on Hickerson. Lancaster walked around the front of the van to the driver's side window. Lancaster handed August a plastic-wrapped bindle that August immediately recognized as methamphetamine.

Deputies emerged from the back of the van and arrested Lancaster. Defendant was several hundred yards up the street. Deputies went up the street and arrested defendant. Lancaster was given his rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436. Lancaster indicated he understood his rights and told August he was just trying to feed his family, he had fallen on hard times, and he did not have any money. Lancaster did not want to say where he obtained the methamphetamine. The substance Lancaster handed August was tested and determined to be 2.83 grams of methamphetamine, a usable amount of the drug.

**DISCUSSION**

Defendant argues both the statutory elements test and accusatory pleading test should be applied where a defendant is convicted of multiple offenses, and that doing so here would make his conviction for section 11378 for possession of methamphetamine for sale a necessarily included offense of section 11379 for sale or furnishing of methamphetamine. Defendant candidly concedes the argument he tenders has been rejected by the California Supreme Court and that section 11378 does not share the same statutory elements as section 11379, but defendant seeks to preserve this issue for further review.

Multiple convictions cannot be based on necessarily included offenses. (*People v. Reed* (2006) 38 Cal.4th 1224, 1227 (*Reed*); *People v. Pearson* (1986) 42 Cal.3d 351, 355.) In *People v. Rogers* (1971) 5 Cal.3d 129, 134, the California Supreme Court construed former section 11531, a predecessor statute to section 11360, holding that possession is not an essential element of the offense of transporting marijuana or other drugs, and one can transport narcotics even though they are not in the exclusive possession of another. Furthermore, an acquittal of a possession of narcotics charge does not necessarily preclude conviction for transportation. The code section not only prohibits transportation of marijuana, but also importing, selling, furnishing, administering, or giving it away. The prohibitions are in the disjunctive, not the conjunctive, and prosecution can be made for transporting the drug for personal use. (*People v. Rogers*, *supra*, at pp. 134-135.)

Defendant argues that footnote 3 of the opinion in *Rogers* supports his contention that his possession of methamphetamine was only incidental to his intent to sell the drug. Footnote 3 states: "In cases where defendant's possession is incidental to, and a necessary part of, the transportation charged, and no prior, different or subsequent possession is shown, the offense of possession is deemed to be necessarily included in the

4.

offense of transportation, and defendant may not be convicted of both charges." (*People v. Rogers, supra*, 5 Cal.3d at p. 134, fn. 3 (maj. opn.).)

*People v. Watterson* (1991) 234 Cal.App.3d 942, 945-947 found footnote 3 of the *Rogers* opinion to be dicta unnecessary to the resolution of the issue before the court, and the cases cited in *Rogers* are themselves inconsistent. *Watterson* concluded possession of narcotics for sale is not a necessarily included offense of transportation of narcotics. (*Watterson, supra*, at p. 947.) The California Supreme Court denied a petition for review in *Watterson* on January 8, 1992, S023596. (*Watterson*, at p. 948.)

Our Supreme Court in *Reed* determined that in deciding whether multiple convictions are proper, a court should consider only the statutory elements test. The accusatory pleading test arose to ensure defendants receive notice before they can be convicted of an uncharged crime. (*People v. Reed, supra*, 38 Cal.4th at p. 1229; *People v. Ramirez* (2009) 45 Cal.4th 980, 984-985.) *Reed* criticized earlier cases holding both the statutory elements and accusatory pleading tests should be applied in determining whether multiple convictions could be applied to the defendant. (*People v. Reed, supra*, at p. 1228.) The *Reed* court noted it could find no case invalidating multiple convictions pursuant to the accusatory pleading test. (*Ibid*.) *Reed* further noted the continuing validity of the rule announced in *Rogers* was dubious in light of more recent authorities, citing *Watterson* and *People v. Thomas* (1991) 231 Cal.App.3d 299, 304-305. But the court stated it did not have to decide that question because *Rogers* and two other authorities, even if valid, were not relevant to the elements test issue decided in *Reed*. (*Reed, supra*, at p. 1228, fn. 2.)

Justice Moreno in a concurring and dissenting opinion in *Reed* argued for the application of both the elements test and a modified version of the accusatory pleading test when deciding whether multiple convictions were proper. (*People v. Reed, supra*, 38 Cal.4th at pp. 1231-1236 (conc. & dis. opn. of Moreno, J.).) Justice Moreno specifically noted *Rogers* found a defendant could not be convicted of both possessing and

transporting drugs where the act of transporting the drugs included possessing them. (*Reed*, at p. 1232.) As noted above, defendant acknowledges the argument he tenders has been rejected by the California Supreme Court in *Reed*, that we are bound to our high court's determination (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), and he seeks to preserve this issue for further review.

Defendant argues Justice Moreno's position, though a minority position, was correct. Defendant concedes that under the statutory elements test, the "elements of a violation of section 11379 (unlawful sale, giving away, transportation, etc., of methamphetamine) do not include all the elements of a violation of section 11378 (possession of methamphetamine for sale) because (1) section 11358 requires an intent to sell the drug and section 11379 does not include that element; (2) a violation of section 11379 may occur in ways that does not require possession of the drug for sale."

The People agree with defendant's assessment of the application of the statutory elements test, noting under the statutory elements test, a defendant can be convicted under section 11379, subdivision (a) without having the intent to sell, which is an element of section 11378. Under the "offering" theory of the crime, a conviction pursuant to section 11379, subdivision (a) is permissible without proof of actual or constructive possession of methamphetamine, which is a necessary element of section 11378.[2] A defendant can be convicted under section 11379, subdivision (a) without having an intent to sell, as required in section 11378. The proscribed act under section 11379, subdivision (a) is making the offer, with the offense being complete upon an offer made with the accompanying requisite intent. (*People v. Daniels* (1975) 14 Cal.3d 857, 861.) Delivery of the promised narcotic is not an essential element of the crime. (*People v. Medina* (1972) 27 Cal.App.3d 473, 476.) To sustain a conviction for possession of narcotics for sale, the prosecution must show the accused had control over the contraband with

---

[2]The jury was instructed here with CALCRIM Nos. 2300, 2301, and 2302.

6.

knowledge of its character, and possession was for the purpose of sale. (See *People v. Shipstead* (1971) 19 Cal.App.3d 58, 77.)

Because section 11379, subdivision (a) can be accomplished in multiple ways without satisfying all the elements of section 11378, the latter offense is not necessarily included within the former under the statutory elements test applicable pursuant to *Reed*. (See *People v. Ramirez*, *supra*, 45 Cal.4th at p. 985.) Under the elements test, a defendant may be convicted of both sale or offering methamphetamine and possession for sale of the same drugs.

## DISPOSITION

The judgment is affirmed.